DOLLIOLE
*vs.*
AZENIA.

Where the obligation is made to a commercial firm, the parties composing it must join in the action.

---

### DOLLIOLE *vs.* AZENIA.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the case comes up without any statement of facts, if it be shown that the judge promised to make one, but died without doing so, the case will be remanded for a new trial.

The article 573 of the Code of Practice, does not require that error, to the prejudice of the appellant, be stated in the petition of appeal.

The grounds upon which this cause was remanded are given in the opinion of the court, delivered by *Mathews, J.*

The plaintiff in this case obtained an injunction to stay proceeding on an execution which was levied on his property at the instance of the defendants, to satisfy a judgment which they had obtained against him. This injunction was afterwards dissolved, and the plaintiff appealed.

Where the case comes up without any statement of facts, if it be shown that the judge promised to make one, but died without doing so, the case will be remanded for a new trial.

The cause is now before this court on a return to a *certiorari* which issued on the affidavit of the appellant's counsel, suggesting a diminution of the record.    This diminution is the total want of a statement of facts which the judge *a quo* seems, by the affidavit, to have promised to make and send up with the appeal; and this was to have been done under a consent of the parties to the suit.    The return of the judge to the writ does not negative the facts as contained in the affidavit on which the process issued.    The judge who presided in the court below has since died, and in consequence of his death it is impossible that the statement promised and required to enable us to render any judgment on the merits of this case, can now be had.    The only remedy which can be accorded, under its present circumstances, is to remand the cause for a new trial.

In the course of argument to this court, the counsel for the appellees moved to have the appeal dismissed on the ground of insufficiency in the petition of appeal, as error to the prejudice of the appellants is not therein alleged, and referred in support of his motion to *article 573 of the Code of Practice.* We

The article 573, of the Code of Practice does not require that error,to the prejudice of the appellant,be stated in the petition of appeal.

have examined that article, and are not able to discover any thing in it calculated to support this pretension.

It is, therefore, ordered, adjudged and decreed, that *the* judgment of the Court of Probates be avoided, reversed and annulled ; that the injunction heretofore granted, be reinstated ; and that the cause be sent back to that court to be tried *de novo*—the appellees to pay the costs of this appeal.