THE PRESIDENT AND DIRECTORS OF THE GRAND GULF RAIL ROAD AND BANKING COMPANY *v.* STEPHEN DOUGLASS.

A certificate by the clerk, that the record "contains all the evidence upon which the judgment appealed from was rendered," is insufficient.

Where the appellee has answered to the merits, and the record is so defective that the case cannot be examined, and justice requires that it should be tried *de novo*, the judgment of the lower court will be reversed, and the case remanded.

Where the evidence has not been taken in writing, it is the duty of the appellant to require the adverse party to join him in drawing up a statement of the facts, or, in case of disagreement, or refusal by the other party, to apply to the court to make such a statement, in order that the clerk may prepare a complete record of the case.

APPEAL from the District Court of Madison, *Tenney*, J.

*F. H. Farrar*, for the appellants.

*T. N. Peirce*, for the defendant.

SIMON, J. This case comes up in a very imperfect and incomplete state. The record contains no statement of facts, and the certificate of the clerk that the transcript *contains all the evidence upon which the judgment appealed from was rendered*, is so insufficient, that this alone would perhaps entitle the appellee to a dismissal of the appeal, if he had chosen to move for it.

But the defendant, who is the appellee, filed his answer to the merits, and prayed that the judgment might be amended, and given for a less amount. This would, perhaps, preclude him from moving for a dismissal of the appeal.

On the other hand, an attentive examination of the record has convinced us that the case is not in a situation to be tried on its merits. The record shows, on its face, that all the evidence adduced on the trial has not been brought up; and a bill of exceptions found in the transcript, shows that other evidence was adduced, which has not been copied in the record.

Under such circumstances, we think that, without inquiring from whose fault the record comes up in so defective a form, this is a case which justice strongly requires should be tried *de novo:* and, for this purpose, we are compelled to annul the judgment of the court below, the correctness of which it is impossible for us to examine.

We think proper to remark, however, that had the appellee

VOL. III. 22

moved for a dismissal of the appeal, before filing his answer to the merits, we should have thought it our duty to dismiss it, as the appellants have not shown themselves disposed to have the record corrected and completed by obtaining a writ of *certiorari*, under the provisions of the act of 1839, and as the imperfect state of the record must in some measure have proceeded from their neglect. It was their duty to attend to the clerk's making a correct transcript of the evidence, by getting the defendant to join in making out a statement of facts, or, on his refusal, by making application to the judge *a quo* for that purpose. Code of Prac. art. 603.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that this case be remanded to the court below for a new trial according to law ; the appellee paying the costs of this appeal.