Garland, J.
The plaintiff claims of the defendant ten boxes of manufactured tobacco, weighing each 148 lbs., or the value of them at 30 cents per pound, on which he alleges that he has the privilege of the lessor. The facts are, that in the autumn of the year 1839, the plaintiff leased to John Caldwell & Co., a store in New Orleans, at the rate of $100 per month. Caldwell & Co. occupied it until about the 8th of February, 1840, when Caldwell, the resident partner, disappeared without paying the rent, and has not since been heard of. On or about the 5th of February, the defendant sold Caldwell & Co. the ten boxes of tobacco, on a credit of 30 days, and took a note for $444 90. When Caldwell was about to leave, he wrote a letter to one of his friends, in which he says: “ Tell Mr. Parrish on Poydras street, to take his tobacco back. I bought ten boxes, at thirty days, at 30 cents. He holds my note for the same. Get my note back. He can claim the tobacco, as it bears his mark.” On the 10th of February, when the defendant was informed of the proposition of Caldwell, he agreed to take back the tobacco, and give up the note, and went to Caldwell’s agent for the purpose of getting the tobacco and giving up the note ; and the arrangement was carried into execution by the delivery of the note to Conway, and of nine of the boxes of tobacco sold by the defendant Parrish to Caldwell & Co.; but as one box had been sold, the defendant took two three-quarter boxes of tobacco of an inferior quality, upon which he had no claim, in place of the one sold by Caldwell.
*250 Upon these facts the Judge of the District Court gave a judgment in favor of the defendant, relying on articles 2294 and 2679 of the Civil Code.
So far as the judgment relates to the nine boxes of tobacco, we think the inferior court did not err, as, at the time the contract took place, we think the parties were in a situation to rescind the previous sale j at any rate, that Caldwell was competent to sell the property, when he authorized White to make the proposition to the defendant. The latter had the privilege of the vendor on the tobacco; and we think the case comes fairly within the meaning of the articles of the Code cited in the judgment.
But as relates to the two three-quarter boxes of tobacco, the case is different. Caldwell did not propose to sell them to the defendant, nor to authorize White or Conway to sell or deliver them to him. He, therefore, had no right to take these two boxes of tobacco, and must account for them ; but as the record does not show how much these boxes weighed, although the value per pound is stated, we are compelled to remand the case to ascertain how much the defendant must account for.
The judgment of the District Court is, therefore, affirmed, so far as it relates to the nine boxes of tobacco sold and delivered by Caldwell’s agent to the defendant; but so far as it relates to the two three-quarter boxes of tobacco, the judgment is reversed, and the case remanded for a new trial, to ascertain its value. The costs of the appeal to be paid by the appellee.