## THE AGRICULTURAL BANK OF MISSISSIPPI v. ALEXANDER, Tutrix.

Where a document offered in evidence on the trial below was withdrawn by the counsel of the party who offered it, and in whose favor judgment was rendered, and never returned, in consequence of which it could not be transcribed into the record, nor procured under a certiorari, the judgment must be reversed, and the case remanded for a new trial.

APPEAL from the Court of Probates of Concordia, *Dunlap*, J. The judgment of the court was pronounced by

EUSTIS, C. J. In this case the attorney for the plaintiffs withdrew from the files of the lower court, the act of incorporation of the bank, and gave his receipt for it. This document formed part of the evidence adduced on the trial of the cause, and the defendant is entitled to the benefit of it. On this right he insists, and we find that he is deprived of it by the act of the plaintiffs' attorney, without any fault or *laches* on his part. This document may or may not be material, but, as the case stands, we are bound to believe that, if it were not material, it would have formed no part of the evidence in the case. From the lapse of time during which this defect could have been supplied, we are bound to consider the appellees in default, and must give the appellant an opportunity of terminating his case, which can only be done by remanding the cause for a new trial. The judgment is therefore reversed, and a new trial ordered ; the appellees paying the costs of this appeal.

*T. P. Farrar*, for the plaintiffs. *Stacy* and *Sparrow*, for the appellant.