HENRY JOHNSON *v.* ROBERT R. BARROW.

A conditional endorsement does not bind the endorser if the condition be not accomplished.

APPEAL from the District Court of Terrebonne, *Cole,* J.
*Beatty & Bush,* for plaintiff and appellant.   *Goode & Laycock,* for defendant.

SPOFFORD, J.   This suit is brought against the endorser of a promissory note of the following tenor:

"DONALDSONVILLE, 30th Oct., 1851.

"One year after date, I promise to pay to the order of *Robert R. Barrow* the sum of five hundred dollars, for value received, payable at the office of the Recorder, Donaldsonville.

(Signed)          JOHN HUTSON."

The endorsement is in these words:

"HOUMA, PARISH OF TERREBONNE.

"I endorse the within note for the benefit of *Mrs. Hutson* in the purchase of a tract of land from *Gov. H. Johnson.*

(Signed)          R. R. BARROW."

The defendant pleaded that this restrictive endorsement does not bind him, inasmuch as the special object for which it was given was never consummated, *Mrs. Hutson* not having purchased a tract of land from the plaintiff *Johnson.*

There was judgment in the defendant's favor, and the plaintiff has appealed.

It is needless to recapitulate any other facts than that *Mrs. Hutson* did not buy a tract of land from *Henry Johnson,* nor contract to do so in any manner which could bind her.

The condition with which the defendant clogged his endorsement of the note never having been accomplished, the plaintiff has no action against him.

The judgment is, therefore, affirmed with costs.

12 · 83
Case 2
119 v 227

ROBERT R. BARROW *v.* VALERY LANDRY.

Where a part of the testimony taken in the lower court has been lost, the case will be remanded for a new trial.

APPEAL from the Fourth District Court for the Parish of Ascension, *Ratliff,* J.   *J. H. Ilsley,* for plaintiff.   *C. A. Johnson,* for defendant.

MERRICK, C. J.   Since the appeal was taken in this case, a material portion of the evidence has been lost, as appears by the certificate of the Clerk and his return to the writ of *certiorari.*

Under the authority of the cases of *Ennis* v. *Murphy,* 11 Rob. 477; *Agricultural Bank* v. *Alexander,* 1 An., 246, and *Lyons* v. *Andrews,* 5 An., 602, the cause must be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed and that this cause be remanded for a new trial, and that the costs of the appeal abide the event of the final decree.