No. 9529.

## CHARLES B. MILLER VS. R. H. SHOTWELL ET ALS.

The Supreme Court will not undertake to examine a cause on its merits if the transcript of appeal is too imperfect and incomplete to inform the court of the matters and evidence which were contested below.

But, if the shortcomings or imperfections of the transcript are not imputable to the fault of the appellant, and if the ends of justice require a review of the judgment appealed from, the appeal cannot be dismissed; but the case will be remanded to be tried *de novo*.

This relief will be granted in a case in which the papers were destroyed by fire together with the Court House after the appellant had perfected his appeal.

APPEAL from the Civil District Court for the Parish of Vermilion. *DeBaillon,* J.

*Henry St. Paul* and *Jos. A. Breaux* for Plaintiff and Appellant.

*O'Bryan & White* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. This suit involves the title to a tract of land in the parish of Vermilion.

It appears that after trial and judgment, and after the plaintiff had obtained and perfected his appeal, the papers which made up the record

in the case were destroyed by fire together with the courthouse of that parish.

Hence the transcript of appeal, which had been made up and brought by consent between the parties, is very imperfect and incomplete. In fact, it is not in a condition to enable us to intelligently and fairly pass upon the issues involved in the controversy.

Among other elements missing, or not legally contained in the transcript, is the testimony of a very important witness, whose evidence as an expert is of vital importance in the cause.

After the destruction of the record, the witness wrote down his testimony at the joint request of both parties, and his statement is in the transcript, but it was not accepted by appellee's counsel, who contend that the testimony, as thus reproduced, does not agree with their recollection of the testimony as given at the trial. It was then agreed between counsel of both parties that the matter should be left to the trial judge, who was thus fully empowered to make a statement of the testimony as he remembered it.

But, in answer thereto, the judge stated in writing that he was unable to settle the question, as he could not remember the testimony with sufficient accuracy, so as to give even the substance of it.

Under this condition of things we are not furnished with a transcript sufficient to authorize us to examine the case on its merits. Under ordinary circumstances this conclusion would suggest a dismissal of the appeal, but this would be unjustly depriving the appellant of his appeal, when it appears clearly that he is not responsible for the destruction of the papers of the file. And, in addition, appellees do not complain of the condition of the transcript, and they formally consent to a trial of the appeal in its present shape.

But as consent cannot of itself give jurisdiction, neither can it impose on this court a task which it is powerless to perform, considering that the ends of justice require a trial of the appeal, and following wise and well established precedents, we conclude that the case must be remanded and tried *de novo*. Porter vs. Dugat, 9 Mart. 121. McDaniel vs. Ingall, 7 La. 245. Doliole vs. Agenia, 3 La. 360. President, etc. vs. Douglass, 3 Rob. 169.

It is, therefore, ordered that the judgment of the district court, be reversed, and that this case be remanded to the lower court for a new trial according to law, all costs to abide the final determination of the cause.