The opinion of the court on motion to remand was delivered by
Blanchard, J.
Defendant Company appeals from a judgment perpetuating a writ of injunction invoked to prevent the sale, separately from the ground or land on which it stands, of certain machinery claimed by the plaintifE company.
The transcript of appeal was filed here on December 12, 1899.
In his certificate the clerk of the District Court recites that the trans-script is a true and correct copy of the minutes of the court, and of all the papers filed in the case so far as can be found in the records of his office after thorough search. The testimony taken by the stenographer and some of the documents filed in evidence, he avers, have been lost.
It thus appears that the cause is not before the court in such a state of completeness, as to the record, as will enable a'disposition to be made 'of it on this appeal.
*1939 To meet this, the defendant and appellant files here a motion to remand the ease for a new trial. As grounds for this, it is averred, under •oath, that the testimony taken by the stenographer, and a map and other records filed in the case, have been lost or mislaid by the clerk of the District Court and cannot be found after diligent search, and that the stenographer, applied to to re-write the testimony from his notes, replies he has lost the latter. It is further averred that the loss of the testimony and records is not due to any fault or negligence of the appellant.
Counsel for appellee, while not contesting the application to remand, suggests that the clerk of the court a qua should be ordered to make a further search for the lost papers in and about his office, and especially in the files and among1 the papers of other causes pending, and that a time within which to make this search should be fixed, at the end of which, if the papers be not then found, a new trial be ordered.
Where, as here, part of the record is lost and the appellant, through no fault or negligence on his part, is unable to bring up the case, so that 'the merits thereof may be examined, the cause will be remanded for a new trial. Watson vs. Clare, 5 N. S. 100; Evins vs. Murphy, 11 R. 477; Lyons vs. Anderson, 5 La. Ann. 602; Wilkinson vs. Martin, 13 La. Ann. 479; Succession of Sheean, 18 La. Ann. 278; Golding vs. Petit, 20 La. Ann. 505; Mulligan vs. New Orleans, 22. La. Ann. 11; Mayor vs. Dupre, 25 La. Ann. 216; Nicholas, Tutrix, vs. Harris, 32 La. Ann. 646; Miller vs. Shotwell, 38 La. Ann. 103.
The suggestion made, as above, by counsel for appellee is a proper one and will be adopted.
The court takes this occasion to admonish district judges of the necessity of making and enforcing stringent rules relative to the safe .■and orderly keeping of records. The records of the court should not be permitted to leave the custody of the clerk, or taken out of his office, or 'out of the court room, by any one except upon the written order of the judge, and for a limited time fixed, and in all eases where the judge grants such order the clerk should be directed to take, in a book required to be kept for the purpose, the receipt of the party obtaining the order, and the clerk should be charged with the strict responsibility of seeing to the return of the record upon the expiration of the limit, and if not returned then, to report the delinquency to the judge and make note of the fact in his receipt book.
*1940 Where the court stenographer makes two or more copies or transcriptions of the testimony taken, only one should be filed in the record of the case. The other should be deposited in some safe place dehors the record, and for this, as well as all other matters pertaining to the safekeeping of the records, the clerk should be held to a rigid accountability.
It is ordered that the clerk of the District Court in and for the Parish of Caddo be directed to make further, diligent and exhaustive search and inquiry for the lost testimony and missing papers in this ■'cause, that the search be continued through thirty days from the date of the notification of this order to him, and that he report the result of the same to the district judge.
It is further ordered, etc., that- if the missing testimony and documents be found, the same, under proper certification, be forwarded here as a supplemental transcript in this case.
It is further ordered, etc., that if at the end of said limit of thirty days the missing testimony and documents be not found — the same to-be shown by the certificate of the clerk made to the judge — the judgment appealed from be held avoided and the case be considered remanded to the court a qua to be tried de novo, and be proceeded with as in case of new trial granted.
It is further ordered, etc., that the costs of this appeal be paid by the party who may be ultimately cast in this litigation.