On Rehearing.
MONROE, J.
For a clear understanding of certain questions to which the attention of the court has been called since the original hearing of the motion to dismiss, the statement of the case, as contained in the opinion heretofore handed down, is supplemented as follows:
The administrator of E. D. Barton’s succession has never been a party to this injunction suit, either in the district court or on the appeal.
The appeal was lodged in this court before the return day, as last fixed, and the motion to dismiss was filed more than three judicial days after the return day.
The motion alleges (inter alia) that:
“This court cannot review the testimony which was adduced before, or to, the jury, and therefore this court must affirm the judgment of the lower court. * * * And, on furthei showing to the court [that] by reason of the above-mentioned facts this appeal should be dismissed and the ease stricken from the docket, * * * it is ordered that * * * show cause on * * * why this appeal should not be dismissed and why this cause should not be stricken from the docket.”
Several months after the filing of the mo tion there were filed additional affidavits by the clerk and stenographer of the district court, setting forth, specifically, that it was the stenographer who had lost the notes, including those which contained the testimony referred to in the motion, and that they could not be found after diligent search, and appellants, at the same time, moved to remand the case on the ground that, in the absence of the testimony, it would be impossible for this court to review the judgment predicated thereon.
It has been suggested that further proceeding in the matter should be stayed, because of the death of the administrator and because this suit, as a third opposition, is an incident to the main action, and “that if, from any cause, either by the direct act of the plaintiff and seizing creditor, or by the effect of the law itself, the main suit is tied up, or temporarily is not in a condition to be proceeded with, ex necessitate rei, all proceedings in the intervention and opposition come to a standstill, and must be held m abeyance until the principal and main suit is revived, if the stoppage is caused by the death of the defendant.” The last clause of this sentence (which we excerpt from the brief of the able counsel for the appellees) does not seem to harmonize with the first, and may, perhaps, be omitted without injury to the general effect.
We take it, however, that neither the proposition as stated nor the authorities relied on have any application in the present case, in which there has been no intervention, in a pending suit, but a proceeding by injunction *227 to stay the execution of a quasi judgment, all of the original parties to which, or their representatives, are before this court, either as appellants or appellees. What would happen if the plaintiff in the writ should abandon bis seizure or fail to prosecute it in the manner provided by law is a matter with which we have no present concern.
“It is indisputable,” this court has said, “that a motion to dismiss an appeal, based upon the grounds which the present one rests on [the incompleteness of the transcript, by the fault of the appellant, and the insufficiency of the clerk’s certificate] must be made and filed within three judicial days following that on which the transcript itself is to be filed.” Pargaud v. Pace, 11 La. Ann. 644; Eupheme v. Maran, 17 La. Ann. 21; Dumonchel v. Lemerick, 21 La. Ann. 30; Murrison v. Seiler, 22 La. Ann. 327; Durbridge v. Slaughter House Co., 27 La. Ann. 673; Holbrook v. Holbrook, 32 La. Ann. 13; Ford v. Brook, 35 La. Ann. 152; Webb v. Keller, 39 La. Ann. 55, 1 South. 423.
This court has also held, on more than one occasion, that where a material part of the record or evidence has been lost, through no fault of the appellant, and he is, for that reason, unable to bring up a transcript upon which this court can review the judgment appealed from, the case will be remanded. Evins v. Murphy, 11 Rob. (La.) 477; Bank v. Alexander, 1 La. Ann. 246; Lyons v. Andrews, 5 La. Ann. 602; Barrow v. Landry, 12 La. Ann. 83; Wilkinson v. Martin, 13 La. Ann. 479; Martinez v. City R. R. Co., 23 La. Ann. 28; Nichols v. Harris, 32 La. Ann. 646; Miller v. Shotwell, 38 La. Ann. 103; Dauchite Lumber Co. v. Lane & Bodley Co., 52 La. Ann. 1939, 28 South. 232; Meyer & Bro. v. Dupree et al., 25 La. Ann. 216.
As we find no reason for disturbing this 'jurisprudence, it is ordered, adjudged, and decreed that our former judgment herein, as also the judgment appealed from, be now set aside and annulled, and that this case be remanded to the district court, to be there tried de novo, all costs to await the final judgment.