(99 South. 533)

No. 24895.

HENRY ROSE MERCANTILE & MFG. CO., Limited,· v. STEARNS et al.

(March 3, 1924.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⬤⇒907(2)—Judgment below presumed correct in absence of evidence.

Where goods were provisionally seized in a suit for rent, and a third opponent made claim thereto, alleging that the goods were sent to defendant on consignment, and actually belonged to such third opponent, and also that the goods were transiently in the leased premises, for the purpose of sale as defendant's property, a judgment for plaintiff must be presumed to be correct; the evidence, if any, offered on the opposition not having been brought before the Supreme Court.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by the Henry Rose Mercantile & Manufacturing Company, Limited, against J. B. Stearns and the Mogul Wagon Company, third opponent. Judgment for plaintiff, and the third opponent appeals. Affirmed.

See, also, 154 La. 946, 98 South. 429.

Dickson & Denny, of Shreveport, for appellant.

Herndon & Herndon, of Shreveport, for appellee.

. By Division A, Composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. Plaintiff leased a concrete warehouse and an adjoining brick building, situated in the city of Shreveport, to the defendant, for a term of three years, at a

monthly rental of $275, payable monthly on the 1st day of each month. The defendant defaulted in the payment of the rent, and was in arrears about $1,000, when he began removing goods from the leased premises. The plaintiff immediately filed suit for the past-due rent and the rent to become due under the contract of lease for the unexpired term thereof, and provisionally seized all property found on the leased premises, including 23 log wagons subsequently claimed by the Mogul Wagon Company, the third opponent. The suit was tried and judgment was rendered in favor of the plaintiff for the full amount claimed in the petition, recognizing plaintiff's lien upon the property seized upon the leased premises, ordering the property sold, and the proceeds paid over to plaintiff by preference and priority over all other creditors.

Prior to the sale the Mogul Wagon Company filed a third opposition, in which it alleges ownership of the 23 log wagons; denies indebtedness to the defendant in any sum; avers that the wagons were only transiently on the leased premises, to be there stored until sold; and prays that its ownership of the wagons be recognized free from all claims of the Henry Rose Mercantile Company, and for a judgment annulling and setting aside the judgment rendered in favor of that company in so far as it affects the wagons claimed by third opponent. From a judgment rejecting its demands, opponent has appealed.

The minutes of the court, as they appear in the transcript, show that opponent's opposition was regularly fixed for trial, the trial was had pursuant to the assignment, and the judgment of the lower court was regularly entered. The judgment is as follows:

"In this case, by reason of the law and the evidence being in favor of the plaintiff, Henry Rose Manufacturing Company, Limited, and against the third opponent, the Mogul Wagon Company, it is ordered, adjudged, and decreed that the demands of the third opponent, the Mogul Wagon Company, be rejected at his cost."

The record does not show that any evidence was offered on the trial of the opposition. A motion was made in this court for an order directing the clerk of the lower court to complete the transcript in this case, and to make the transcript in No. 24785, Henry Rose M. & M. Co. v. J. B. Stearns (La.) 98 South. 429,[1] a part of this transcript. This motion was granted, and the clerk of the lower court has complied with it, but the situation remains unchanged, because we are unable to find in either transcript any evidence which purports to have been offered on the trial of this opposition.

"The judgment appealed from, in so far as founded on the facts, cannot be reviewed by this court in the absence of the facts, and can only be affirmed as presumably correct." Durke & Broussard v. Crane, 112 La. 157, 36 South. 307.

See, also, Citizens' Bank of Louisiana v. Bringier, 22 La. Ann. 118; Smith v. City of New Orleans, 24 La. Ann. 20; State v. De Monasterio, 26 La. Ann. 734; Succession of Pilcher, 39 La. Ann. 362, 1 South. 929; Succession of Moore, 42 La. Ann. 332, 7 South. 561; Harrison v. His Creditors, 43 La. Ann. 91, 9 South. 15.

Counsel for opponent, in the brief filed, makes the following assignment of error:

"First. The court erred in holding that goods sent on consignment were not transiently in the leased premises, but were permanently there, and therefore subject to the lessor's privilege.

"Second. The lower court erred in holding that goods of the third opponent were subject to the rent both due and to become due.

"Third. The lower court erred in holding that third opponent's property was not governed by C. C. 2708."

The pleadings put at issue all of the questions raised by the assignments of error. Plaintiff's answer to the opposition denies

---

[1] 154 La. 946.

that the goods were sent to defendant on consignment; it denies that the goods were transiently in the leased premises; it denies that opponent owned the goods at the time of the seizure, but avers that they "were in the store for the purpose of sale as the property of the defendant."

It is therefore apparent that until the evidence is before us which tends to prove or disprove the facts put at issue by the pleadings the judgment of the lower court must be presumed to be correct.

For these reasons the judgment appealed from is affirmed, at appellant's cost.