This is a suit to recover $2,850 for the use of a show window, at No. 829 Canal street, in this city. Plaintiff recovered judgment in the lower court for $1,425, and defendant appealed to the Court of Appeal for the parish of Orleans. The Court of Appeal, finding that the amount involved exceeded its jurisdiction, transferred the appeal to this court.
While the case was pending in the Court of Appeal, plaintiff filed a motion to dismiss the appeal, on the ground that there was no evidence in the record, but, as the Court of Appeal found that it had no jurisdiction, it did not pass on the motion. Plaintiff has reiterated his motion to dismiss in this court.
The record contains no note of evidence whatever. The minutes of court disclose that evidence was adduced on the trial. The certificate of the clerk of the trial court to the transcript shows that no note of evidence appears in the record, because none was filed. Both sides concede that evidence was taken on the trial, and that it does not appear in the transcript, because the notes taken by the stenographer have been lost or destroyed. Plaintiff contends that the loss or destruction is attributable to the negligence of defendant, and defendant contends that it is not, but is *Page 253 
wholly attributable to the fault of the stenographer.
We need not inquire, in passing on this motion, whether the loss or destruction of the notes of evidence is due to the negligence of defendant, who is the appellant, or not. If, upon the consideration of the appeal, it becomes necessary to examine the evidence, adduced on the trial, and it is found that the loss or destruction of that evidence is not attributable to appellant, the judgment appealed from may be set aside, and the case remanded to be tried again, so that upon appeal, should an appeal be taken, this court will have before it the evidence upon which the judgment rests. Barton v. Burbank (and authorities there cited) 119 La. 224, 43 So. 1014. If, upon the other hand, in considering the appeal, it becomes necessary to examine the evidence upon which the judgment rests, and it is found that the loss or destruction of that evidence is attributable to the fault or negligence of appellant, this court may presume, in the absence of the evidence from the record, that the judgment appealed from is correct, and affirm it. Henry Rose Mercantile 
Mfg. Co. v. Stearns, 155 La. 698, 99 So. 533, and authorities there cited.
Our conclusion, therefore, is that the appeal should not be dismissed.
For the reasons assigned, the motion to dismiss is denied.
 On the Merits.
This suit was before us in June, 1925, on a motion to dismiss the appeal, on the ground that, due to the fault of defendant, who is the appellant, the parol evidence adduced on the trial had not been preserved, and therefore was not in the transcript. The motion to dismiss was denied on the ground that, if in passing upon the case, it should become necessary to examine the evidence, and it appeared that the failure to preserve the evidence is not attributable to the fault of appellant, *Page 254 
the judgment appealed from might be set aside, and the case remanded to be tried again, and, upon the other hand, if it should be found that the failure to preserve the evidence is attributable to the fault of appellant, it might be presumed that the judgment appealed from is correct, and therefore should be affirmed.
The record is in the same condition as it was when the motion to dismiss was denied on June 22, 1925, nearly four years ago. The parol evidence adduced on the trial is not in the record, nor is there any agreement of facts by counsel, or statement thereof by the trial judge, to be found therein.
The case involves a demand of $2,850 for the use of a show window. The defense is that defendant is not liable to plaintiff in any amount whatever for the use of the window, for the reason that the window was an adjunct of the second floor of the building, leased by defendant. The documentary evidence, contained in the record, is not sufficient upon which to decide the case. Therefore, there is nothing else to do but to affirm the judgment, if we find that the failure to preserve the evidence is attributable to the appellant.
The suit was filed on May 5, 1923, and was submitted for decision on July 24th of the same year, upon which day judgment was rendered, though the judgment was not then signed. On July 30, 1923, defendant filed a motion for a new trial. It does not appear that defendant made any effort to have his motion for a new trial considered, and on November 26, 1924, nearly 16 months after it had been filed, plaintiff felt called upon to adopt the unusual procedure of ruling defendant to show cause why the motion should not be overruled. On December 15, 1924, the motion for a new trial was argued, submitted, and overruled, defendant being then represented by different counsel from the counsel who represented him at the trial. *Page 255 
About the time the rule to show cause why the motion for a new trial should be overruled was served, defendant called upon the stenographer to transcribe the evidence taken at the trial. The stenographer was unable to do so, because he had either lost or destroyed his notes. Defendant concedes in his brief that no request was made by him for the transcription of the notes until that time, which was nearly 16 months after the submission of the case. He contends that it was not any more his duty to have had the evidence transcribed than it was the duty of the trial judge or of plaintiff to have done so, and that neither the judge nor plaintiff requested the stenographer to transcribe the notes.
The judge has the right, before finally disposing of the case, to have the stenographer transcribe his notes, but the judge is not called upon to do so. Either party to the litigation has also this right. Sections 3, 4, and 5 of Act 104 of 1916. The plaintiff, however, as he was evidently satisfied with the judgment rendered, had no interest in having the notes transcribed. Defendant, on the other hand, was the party cast in the suit, and was complaining of the judgment rendered. He was interested in having the transcription made, if not for use on the trial of his motion, at least for the purpose of making it possible for him to appeal effectively, in the event his motion should be overruled. The statute requires stenographers to preserve their notes for only one year after the submission of the case. Section 6 of Act 104 of 1916. Defendant, although he was the party interested in preserving the evidence, permitted the year to elapse without requesting *Page 256 
the stenographer to transcribe his notes and deliver the transcription to the clerk for filing in the record. Had defendant made a timely request of the stenographer to transcribe the notes, and paid the required amount, no reason appears why the evidence would not have been in the record to-day. The stenographer cannot be blamed for his inability to produce the evidence, when no demand was made upon him for it, until after the year had elapsed in which he was required to preserve his notes. The absence of the evidence from the record is clearly due to the negligence of defendant in not timely demanding its transcription.
An opportunity has been given defendant to show, if he could, by denying the motion to dismiss, that judgment could be rendered favorably to him in the present condition of the record. In this he has signally failed. In these circumstances there is nothing to do but to affirm the judgment. It would not be proper to set the judgment aside and remand the case for a new trial, for the present situation is due to appellant's negligence. The only proper step to take, under existing circumstances, is to act upon the presumption that the judgment rendered is correct, and affirm it. Durke Broussard v. Crane, 112 La. 156, 36 So. 306; Manning v. Shaw, 154 La. 718, 98 So. 163; Henry Rose Mercantile Mfg. Co. v. Stearns, 155 La. 696, 99 So. 533. The case of Union Garment Co. v. Newburger, 124 La. 820, 50 So. 740, and other cases of similar import, cited by defendant, are not pertinent here. In those cases the appellant was not at fault.
For these reasons the judgment appealed from is affirmed. *Page 257