OVERTON, J.
This is a suit to recover $2,850 for the use of a show window,' at No. 829 Chnal street, in this city. Plaintiff recovered judgment in the lower court for $1,-425, and defendant appealed to the Court of Appeal for the parish of Orleans. The Court of Appeal, finding that the amount involved exceeded its jurisdiction, transferred the appeal to this court.
While the case was pending in the Court of Appeal, plaintiff filed a motion to dismiss the appeal, on the ground that there was no evidence in the record, but, as the Court of Appeal found that it had no jurisdiction, it did not pass on the motion. Plaintiff has reiterated his motion to dismiss in this court.
The record contains no note of evidence whatever. The minutes of court disclose that evidence was adduced on the trial.. The certificate of the clerk of the trial court to the transcript shows that no note of evidence appears in the record, because none was filed. Both sides concede that evidence was taken on the trial, and that it does not appear in the-transcript, because the notes taken by the stenographer have been lost or destroyed. Plaintiff contends that the loss or destruction is attributable to the negligence of defendant, and defendant contends that it is not, but is *254 wholly attributable to the fault of the stenographer.
We need not inquire, in passing on this motion, whether the loss or destruction of the notes of evidence is due to the negligence of defendant, who is the appellant, or not. If, upon the consideration of the appeal, it becomes necessary to examine the evidence, adduced on the trial, and it is found that the loss or destruction of that evidence is not attributable to appellant, the judgment appealed from may be set aside, and the case remanded to be tried again, so that upon appeal, should an appeal be taken, this court will have before it the evidence upon which the judgment rests. Barton v. Burbank (and authorities there cited) 119 La. 224, 43 So. 1014. If, upon the other hand, in considering the appeal, it becomes necessary to examine the’ evidence upon which the judgment rests, and it is found that the loss or destruction of that evidence is attributable to the fault or negligence of appellant, this court may presume, in the absence of the evidence from the record, that the judgment appealed from is correct, and affirm it. Henry Rose Mercantile & Mfg. Co. v. Stearns, 155 La. 698, 99 So. 533, and authorities there cited.
Our conclusion, therefore, is that the appeal should not be dismissed.
For the reasons assigned, the motion to dismiss is denied.