On the Merits.
This suit was before us in June, 1925, on a motion to dismiss the appeal, on the ground that, due to the fault of defendant, who is the appellant, the parol evidence adduced on the trial had not been preserved, and therefore was not in the transcript. The motion to dismiss was denied on the ground that, if in passing upon the case, it should become necessary to examine the evidence, and it appeared that the failure to preserve the evidence is not attributable to the fault of appellant, the judgment appealed from might be set aside, and the case remanded to be tried again, and, upon the other hand, if it should be found that the failure to preserve the evidence is attributable to the fault of appellant, it might be presumed that the judgment appealed from is correct, and therefore should be affirmed.
The record is in the same condition as it was when the motion to dismiss was denied on June 22, 1925, nearly four years ago. The parol evidence adduced on the trial is not in the record, nor is there any agreement of facts by counsel, or statement thereof by the-trial judge, to be found therein..
The case involves a demand of $2,850 for the use of a show window. The defense is that defendant'is not liable to plaintiff in any amount whatever for the use of th'e window, for the reason that the window was an adjunct of the second floor of the building, leásed by defendant. The documentary evidence, contained in the record, is not sufficient upon which to decide the case. Therefore, there is nothing else to do but to affirm the judgment, if we find that the failure to preserve the evidence is attributable to the appellant.
The suit was filed on May 5, 1923, and was submitted for decision on July 24th of the same year, upon which day judgment was rendered, though the judgment was not then signed. On July 30, 1923, defendant filed a motion for a new trial. It does not appear that defendant made any effort to have his. motion for a new trial considered, and on November 26, 1924, nearly 16 months after it had been filed, plaintiff felt called upon to adopt the unusual procedure of ruling defendant to show cause why the motion should not be overruled. On December 15,1924, the motion for a new trial was argued, submitted, and overruled, defendant being then represented by different counsel from the counsel who represented him at the trial.
*256 About the time tbe rule to show cause why the motion for a new trial should be overruled was served, defendant called upon the stenographer to transcribe the evidence taken at the trial. The stenographer was unable to do so, because he had either lost or destroyed his notes. Defendant concedes in his brief that no request was made by him for the transcription of the notes until that time, which was nearly 16 months after the submission of the case. He contends that it was not any more his duty to have had the evidence transcribed than it was the duty of the trial judge or of plaintiff to have done so, and that neither the judge nor plaintiff requested the stenographer to transcribe the notes.
 The judge has the right, before finally disposing of the case, to have the stenographer transcribe his notes, but the judge is not called upon to do so. Either party to the litigation has also this right. Sections 3, 4, and 5 of Act 104 of 1916. The plaintiff, however, as he was evidently satisfied with the judgment, rendered, had no interest in having the notes transcribed. Defendant, on the other hand, was the party cast in the suit, and was complaining of the judgment rendered. He was interested in having the transcription made, if not for use on the trial of his motion, at least for the purpose of making it possible for him to appeal effectively, in the event his motion should be overruled. The statute requires stenographers to preserve their notes for only one year after the submission of the case. Section 6 of Act 104 of 1916. Defendant, although he was the party interested in preserving the evidence, permitted the year to elapse without requesting the stenographer to transcribe his notes and deliver the transcription to the clerk for filing in the record. Had defendant made a timely request of the stenographer to transcribe the notes, and paid the required amount, no reason appears why the evidence would not have been in the record to-day. The stenographer cannot be blamed for his inability to produce the evidence, when no demand was made upon him for it, until after the year had elapsed in which he was required to preserve his notes. The absence of the evidence from the record is clearly due to the negligence of defendant in not timely demanding its transcription.
An opportunity has been given defendant to show, if he could, by denying the motion to dismiss, that judgment could be rendered favorably to him in the present condition of the record. In this he has signally failed. In these circumstances there is nothing to do but to affirm the judgment. It would not be proper to set the judgment aside and remand the case for a new trial, for the present situation is due to appellant’s negligence. The only proper step to take, under existing circumstances, is to act upon the presumption that the judgment rendered is correct, and affirm it. Durke & Broussard v. Crane, 112 La. 156, 36 So. 306; Manning v. Shaw, 154 La. 718, 98 So. 163; Henry Rose Mercantile & Mfg. Co. v. Stearns, 155 La. 696, 99 So. 533. The case of Union Garment Co. v. Newburger, 124 La. 820, 50 So. 740, and other cases of similar import, cited by defendant, are not pertinent here. In those cases the appellant was not at fault.
I<'or these reasons the judgment appealed from is affirmed.