No. ——

First Circuit

---

MOORE v. HEBERT

---

(December 22, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 729, 747.**

Where the shorthand notes of the evidence have been stolen due to no fault of the appellant, the case will be remanded to the lower court for a trial de novo.

Appeal from the Fourteenth Judicial District Court, Parish of Calcasieu. Hon. Thomas F. Porter, Judge.

Suit by Jules Moore and wife against Felix Hebert.

There was judgment for plaintiff and defendant appealed.

Case remanded for trial de novo.

E. F. Gayle, of Lake Charles, attorney for plaintiff, appellee.

Cline & Plauche, of Lake Charles, attorneys for defendant, appellant.

ELLIOTT, J. The note of evidence on which the judgment in this case was founded is not in the record. We cannot review the case without the evidence.

The amount claimed in the petition, after certain items had been stricken out by the district court, is $2250.00.

The plaintiff and appellee moves to dismiss the appeal, because we have no jurisdiction, due to the amount claimed.

In another motion plaintiff and appellee moves to dismiss the appeal because the record is not complete, due to the fact that the evidence, on which the judgment appealed from is based, is not in the record. In another motion plaintiff and appellee answers the appeal and prays that the amount allowed them be increased.

The defendant and appellant contends that the appeal was properly brought to this court, and informs us, in a motion and declaration under the oath of his attorneys, that after the appeal had been granted, bond filed, appeal perfected and lodged in this court, that he discovered that the testimony was not in the record; and learned that the shorthand notes of the evidence, on which the judgment appealed from was based, had been stolen from the stenographer before they were transcribed. That, as a result, the evidence taken on the trial cannot be produced. That same cannot be reproduced. That it occurred without his fault and is in no way due to any neglect on the part of defendant and appellant.

He moves that the judgment appealed from be annulled, avoided and set aside for the reason stated in his motion, and that the case be remanded to the lower court for a trial de novo.

After considering these motions, and the absence of the evidence, we conclude

that the judgment appealed from will have to be annulled and set aside, and the case remanded for a trial de novo, as prayed for by defendant and appellant. Barton vs. Burbank, 119 La. 224, 43 South. 1014.

If the case is returned to us, after we have read the evidence, we will be better able to act on the question of jurisdiction due to the amount claimed by the plaintiff.

Action on the motion of plaintiff and appellant to dismiss the appeal for want of jurisdiction because of the amount claimed is, therefore reserved until the case is returned to this court, with the evidence on which the judgment appealed from is based.

We suggest, as a precautionary measure, that three notes of evidence be made, as required for appeal to the Supreme Court, to serve for that purpose in the event we conclude that the appeal should go to the Supreme Court.

For these reasons the judgment appealed from is annulled, avoided and set aside, and the case is remanded to the lower court for a trial de novo.

That all cost abide the result on the final appeal, unless payment is sooner required in the lower court, as the law provides in such cases.