ROBINSON v. TIEMANN, Appellant

---

(Jan. 17, 1927.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana   Digest—Appeal—Par.   518, 729.

If this court is unable to review the judgment appealed from because a material part of the record is missing without appellant's fault, the judgment will be avoided and reversed and the case remanded for a new trial de novo.

Appeal from Civil District Court.   Hon. Porter Parker, Judge.

Action by Andrew Robinson against L. A. Tiemann.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

J. C. Henriques, F. T. Doyle, of New Orleans, attorneys for defendant, appellee.

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

CLAIBORNE, J.   The testimony taken by the stenographer in this case on behalf of defendant was never transcribed owing to the death of the stenographer, and is consequently not in the transcript. Both parties ask that the case be remanded. The plaintiff asks that the judgment be avoided and reversed and that the case be remanded for a new trial de novo. The defendant prays only that the case be remanded for the exclusive purpose of taking anew the testimony and evidence on behalf of the defendant without reversing and setting aside the judgment. We find no precedent for such action. But on the contrary in all cases where an essential part of the record is missing the judgment appealed from has been avoided and reversed and the case remanded for a new trial de novo. Such was the ruling in the following cases: Evins vs. Murphy, 1 R. 477; Agricultural Bank vs. Alexander, 1 La. Ann. 246; Lyons vs. Andrews, 5 La. Ann. 602; Barrow vs. Landry, 12 La. Ann. 83; Wilkinson vs. Martin, 13 La. Ann. 479; Meyer & Bro. vs. Dupree, 25 La. Ann. 216; Nichols vs. Harris, 32 La. Ann. 646; Miller vs. Shotwell, 38 La. Ann. 103; Dauchite Lbr. Co. vs. Lane & Bodley Co., 52 La. Ann. 1939, 28 South. 232; Barton vs. Burbank, 119 La. 227, 43 South. 1014; Union Garment Co. vs. Newburger, 124 La. 820, 50 South. 740.

It is therefore ordered that the judgment appealed from be avoided and reversed and that this cause be remanded for a new trial de novo.