**VINYARD v. STASSI et al. (REGGIO, Intervener).**

**No. 1376.**

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1934.

B. M. Harvard, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellee.

ELLIOTT, Judge.

This appeal is from a judgment rendered in favor of Felix Reggio, intervener, and against Charles Stassi, defendant, declaring that a certain judgment held by Charles Stassi in the matter of Edward W. Vinyard v. Charles Stassi, No. 3615 on the docket of the district court, had been extinguished, fully paid and satisfied, and there was further judgment in the same decree in favor of Reggio, intervener, and against Stassi in the sum of $293.36, with legal interest thereon from May 10, 1933, until paid.

The appeal was before us about nine months ago, at which time the question was whether Stassi had suspensively appealed from the judgment in question, and we held that he had quashed a writ of execution that had issued against Stassi and forbad Reggio the execution of the judgment until we could act on the appeal in due course. 152 So. 161, 162. In acting on that matter we stated in the opinion then handed down: "The record does not contain Reggio's petition of intervention, the writ of fieri facias, nor the note of testimony taken on the trial of the rule, if any was made, but it is sufficient to enable us to act on the mandamus and prohibition prayed for." The appeal was submitted, but we now find the record so incomplete and lacking that it is impossible to review the judgment appealed from until it has been completed. The petition of intervention upon which the judgment is based is still absent from the record, and without it we are not informed as to the issues in the case. The writ of fieri facias is also still absent, together with the note of testimony taken on the trial of the rule if any was made. The note of testimony taken on the trial of the rule, if any was made, may not be important in reviewing the merits, but the note of testimony taken on the trial of the merits, if any was made, is absent from the record, as well as the mortgage certificate upon which Stassi's pleading is partly based. This mortgage certificate is that provided for by the Code of Practice, art. 678. It should be in the record if there was one, as pleadings indicate.

The clerk of the district court says in certifying to the record: "That the foregoing is the original record with all documents filed and minutes of the court in the suit entitled Edward W. Vinyard No. 3,615 v. Charles Stassi et al." The certificate does not mention that it is an intervention suit, nor is it said in the certificate that the record contains "all the testimony adduced" as required by Code of Practice, art. 896. There is no statement of facts as provided for by Code Practice, arts. 602–603. Nothing indicates that the record was made up as provided by Act No. 229 of 1910, § 1, amended by Act No. 265 of 1918. The judgment appealed from states that "the law and the evidence being in favor of Intervenor Felix Reggio and against the defendant Charles Stassi." The brief of appellee contains the statement: "There is no dispute on the question of fact between the parties. You will note by reading the testimony of Charles Stassi under cross-examination, that he admitted practically all the facts set

forth in our petition." The petition to which reference is made is evidently that of the intervener, and the statement as to what we would note by reading the testimony means that Stassi's testimony was taken in writing on the trial of the intervention.

The Constitution of 1921, art. 7, § 27, requiring trials on the original record pleadings and evidence on appeal to the Courts of Appeal and the decision in Stockbridge v. Martin, 162 La. 601, 110 So. 828, 829, has been taken into account.

In the Stockbridge Case, the Supreme Court, referring to the duties of the clerks of the district courts, says: "The appellant has no control over the record. That record is a part of the archives of the court and is under the control of the clerk until delivered tó the clerk of the Court of Appeal. The duty of filing the record with the Court of Appeal is imposed upon the clerk of the district court and not upon the appellant, and the failuré of the clerk to perform that duty cannot be imputed to the appellant." In this case the condition of the record may be imputed to the clerk of the district court and not to the appellant. There is no motion to dismiss, no suggestion of diminution of the record, parties argue the case in their brief as if the record was complete. The testimony taken on the trial of the intervention may have been reduced to writing and may be found and placed in the record. If it has been lost and cannot be found, then the shorthand notes of the reporter may be found and the testimony again transcribed and returned to the record. It may be that the intervention and the other documents mentioned may be found and placed in the record. If lost, perhaps copies are obtainable; if not, then the pleading and documents must be reproduced in the district court in the manner and form provided for by law, so as to complete the record. While the appeal was pending, but before we had discovered the condition of the record, B. M. Harvard, attorney for Stassi, appellant, departed this life, which leaves Stassi unrepresented in this court at this time. The numerous decisions to the effect that, if a record be found so incomplete that the case cannot be reviewed, the presumption of correctness will prevail and the judgment affirmed or the appeal dismissed, are not overlooked. The latest legislation on the subject, Act No. 234 of 1932, does not favor the dismissal of appeals on such grounds. The situation, circumstances, and facts which may influence action must be our guide as to the proper steps to take in each

particular case. In the present case the record is now remanded to the lower court in order that it may be completed and certified to as the law requires. The completed record is to be returned into this court at Baton Rouge, ·La., on or before the first Monday in November, 1934. If the record is not completed and returned within the time mentioned, then in that event the judgment appealed from herein is to be taken as set aside, annulled and avoided, and the case is to be tried de novo as was done in Barton v. Burbank, 119 La. 224, 43 So. 1014, and Moore v. Hebert, 4 La. App. 29. All cost to abide the final result.