## VINYARD v. STASSI (REGGIO, Intervener).
## No. 1432.

Court of Appeal of Louisiana. First Circuit. Dec. 4, 1934.

B. M. Harvard, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellees.

ELLIOTT, Judge.

Questions in this case involving different matters, but having nothing to do with the merits, have already been before us twice (see 152 So. 161; 156 So. 778). It is now before us on the merits.

It appears from the record that Felix Reggio sued out a preliminary injunction against Charles Stassi and F. M. Edwards, sheriff, forbidding and restraining Stassi and said sheriff from executing what is referred to in the petition as a pluries writ of fieri facias said to have been issued at the instance of Stassi against Reggio on a judgment rendered against said Reggio in the suit entitled Edward W. Vinyard v. Charles Stassi et al., No. 3615 on the docket of the district court parish of Tangipahoa.

It seems from what we can gather from the record that Stassi became an assignee of the above-mentioned judgment against Reggio and sued out execution against Reggio as above stated.

Several grounds are urged for the injunction, but we notice that in Stassi's petition for appeal from the judgment rendered in favor of Reggio he only complains of that part of the judgment which condemns him to pay Reggio $293.35 with interest from May 10, 1933, until paid. It is therefore not necessary to discuss other grounds because Stassi does not appeal from any other part of the judgment. The $293.35 is evidently on account of damages sustained as the result of the acts of Stassi.

■■ The examination of this complaint requires consideration of the entire case. Reggio complains that the sheriff had no right to seize a certain tract of land and advertise it for sale and no right to seize the strawberry crop growing on the ground separate and apart from the land. Applying ourselves to all grounds of complaint that can be supposed to support the judgment appealed from, we are unable to find that Stassi was at fault in causing the seizure of the land advertised for sale. He had the right to have it seized and advertised for sale. The only trouble indicated by the record is that the ground did not bring enough at the offering to enable the sheriff to sell it. A mortgage certificate produced showed conventional mortgages recorded against it older in date than Stassi's judgment, which in the aggregate far exceeded in amount the highest bid for the land, consequently the sheriff could not sell it, and it was not sold, and so far as we can see has been returned to Reggio. But Stassi should be required to pay the cost occasioned by the seizure, and the judgment properly requires him to pay the cost.

■ Another ground of complaint is that Stassi caused the sheriff to seize the strawberry crop after the life of the writ had expired, which had been issued and upon which the seizure is said to have been based. The record shows that Stassi wrote an order to the sheriff within the lifetime of the

writ requesting him to promptly seize the strawberry crop. At this time the writ was in force, and, if the writ had been promptly executed as Stassi through his counsel directed, the crop would have been timely seized, but for some reason not explained it was not done. The crop was not seized until the life of the writ had expired, but nothing indicates that this belated execution can be attributed to Stassi. But suppose otherwise. The crop was under seizure for only one day, and the evidence on the subject indicates that no appreciable damage resulted on said account; consequently the seizure is not a ground for damages against him.

For these reasons the judgment appealed from, to the extent that Charles Stassi is condemned to pay to Felix Reggio $293.35 with legal interest thereon from May 10, 1930, until paid, is annulled, avoided, and set aside, and the demand of Felix Reggio against Stassi for damages in this suit is refused and rejected. The judgment in other respects is affirmed.

It is ordered that Felix Reggio pay the cost of this appeal.