## WILLIAMSON v. ENTERPRISE BRICK CO., Inc.

### No. 1795.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

Wood & Wood, of Leesville, for appellee.

DORE, Judge.

The plaintiff sues on behalf of his minor son for compensation for 20 weeks on the basis of 65 per cent. of his weekly wage of $4.75, for the loss of the middle finger on the son's right hand, due to an injury alleged to have been sustained while working for defendant as a woodcutter. Also for the further sum of $44.10 medical expenses on account of said injury. Defendant denied that plaintiff's son sustained an injury while in its employ.

When the case came on for trial, defendant asked that the testimony of the witnesses be taken down, but it seems that the clerk was unable to take down the testimony, and, as there was no court stenographer, the court ordered the case to trial without the testimony being taken down and preserved. Judgment was rendered for plaintiff, and the defendant has taken an appeal. Of course, there is no testimony in the record, as none was taken and preserved at the trial.

Appellant filed a motion in this court on November 17, 1937, to have the judgment reversed and the case remanded for a new trial, reserving to it the right to insist that the testimony be taken down and preserved. On December 7, 1937, the appellee filed a motion to dismiss the appeal on the ground that the transcript is incomplete.

All appeals to this court are upon both the law and the facts. It is evident that we cannot review the facts in this case on which the judgment is based as there is no evidence, or agreed statement of facts, in the record. It follows that we will have to either dismiss the appeal or remand the case for trial de novo.

Under the plain provisions of article 601 of the Code of Practice, the defendant was entitled to have the testimony taken down in writing to serve as a basis for the appeal. The fact that the suit is one for compensation and is brought under the Pauper Act, Act No. 156 of 1912, as amended, cannot deprive defendant of his constitutional right of having the appellate court pass on the facts in the case.

If no court reporter has been appointed either by the clerk or by the court as provided by Act No. 64 of 1900, as appears to be the case, it was the duty of the clerk to take down the testimony as part of his official duties. While no effort seems to have been made by defendant to reach

198

an agreed statement of facts either before or after the trial, nor make any request of the judge to have him make up such a statement of facts in accordance with articles 602 and 603 of the Code of Practice, yet, in view of the fact that defendant asked that the testimony be taken down, which request was refused, it is hardly to be presumed that the opposite party would have agreed on a statement of facts after the trial was had and judgment rendered. Nor do we think that defendant has been barred in his right of appeal for his failure to obtain a statement of facts from the opposite party or the trial judge. However, since the testimony was not taken down by the clerk as required by law, defendant should have made an effort to secure a statement of fact from the opposite party in accordance with C. P. art. 602, and, in default of obtaining such a statement, he should have requested the trial judge to draw up such a statement in accordance with article 603 Code of Practice.

But, under the circumstances of this case, we do not think the appellant is at fault for the failure of the record to show either the written testimony or an agreed statement of facts, and, as this court is not able to review the record so as to determine the correctness of the judgment, the judgment will have to be set aside and the case remanded for trial de novo. Robinson v. Tiemann, 5 La.App. 359; Hardy v. Blount, La.App., 163 So. 186; C.P. art. 906.

It is ordered that the motion to dismiss be overruled and the judgment appealed from be avoided and reversed and that this cause be remanded for a trial de novo.