ARMITAGE *v.* BARROW, and ST. JOHN, GREGORY & CO. *v.* BARROW.

Where the actions as well as the judgments in favor of several plaintiffs are distinct, it is the separate, and not the collective, amounts claimed in each, which must determine the question of appellate jurisdiction.

APPEAL from the District Court of the Parish of Terrebonne, *Cole*, J. *Hall*, and *J. C. & A. Beatty*, for plaintiff. *Goode*, for defendants and appellants.

VOORHIES, J. The defendant is surety on the bond given by *Claiborne Blake*, as curator of the succession of the late *William Avent*. The curator filed a tableau of distribution, which was homologated on the 13th of August, 1845; *Charles Armitage* was classed thereon as an ordinary creditor for a

dividend of $236 62.  After having unavailingly sought, by an execution against the curator, to enforce the payment of this dividend, *Armitage* instituted this suit to recover the amount thereof, from the defendant, as surety on the curator's bond.  In his petition, filed on the 21st of February, 1854, he only claims the amount of the dividend with legal interest thereon from the 4th of May, 1850.

*St. John, Gregory & Co.*, were also classed on the tableau of distribution, as ordinary creditors, for a dividend of $72 90.  It appears that the same proceedings were had on their claim as on that of *Armitage*.  The two actions were not cumulated in the same demand, but were tried together.

The inferior court rendered separate judgments in favor of each of the plaintiffs, for the sums respectively claimed by them, with legal interest from judicial demand.  From which judgments the defendant has appealed.

The plaintiffs claim that the appeals be dismissed on the ground, that the amount involved in dispute in each of the cases, is not within the jurisdiction of this court.

The objection, it appears to us, is fatal.  It is perfectly clear that both actions are separate and distinct, as well as the judgments therein rendered; consequently the separate, and not the collective, amounts claimed in each of them, must determine the question of our jurisdiction.  See 5 N. S. 87, and 8 Ibid, 285.

It is therefore ordered and decreed, that said appeals be dismissed at the appellants' costs respectively.