No. 11,533.

SUCCESSION OF MRS. WILHELMINA JUSTUS.

Where by order of court three rules had been taken by an executor upon an adjudication at succession sale of three different properties to show cause why the adjudication should not be complied with, have been consolidated and a single judgment has been rendered, the aggregate amount in dispute and not that involved in each separate rule will determine the appellate jurisdiction.

It is claimed that the failure to insert in the testament the residence of the witnesses is a fatal irregularity.

The court has frequently decided that such irregularities are cured by the prescription of five years.

The heirs of age at the time the will was probated, in 1876, are without right, in opposition to the plea of prescription.

This prescription against minors dates from their majority.

It is sometimes impossible to dispense with evidence in its character hearsay in proof of remote and collateral matters, but tribunals should be on their guard when the actual point at issue in a cause depends wholly or chiefly upon it.

It is from its nature very much exposed to fraud and fabrication. While the certificate of a curate in a foreign country, properly authenticated, is admissible in evidence to prove facts evidenced by copies of his records which he is bound to record; as to matters it is not shown he was bound to record, his statement should, at least, be explained and corroborated.

The case is remanded at the instance of the adjudicatee of property, to enable
him to obtain other testimony disproving or explaining any of the entries on
the curate's certificate.

APPEAL from the Civil District Court for the Parish of Orleans.
*King, J.*

*Charles F. Buck, Buck, Walshe & Buck* and *Dinkelspiel & Hart* for
Executor, Appellee.

*Chretien & Suthon* for Mrs. Huy, Defendant and Appellant.

### ON THE MOTION TO DISMISS.

The opinion of the court was delivered by

NICHOLLS, C. J.    In this succession at a sale made under an order
of the Civil District Court, Mrs. L. Huy became the adjudicatee of
three pieces of real estate, each piece being adjudicated to her sepa-
rately.    On her refusal to comply with the adjudications, the execu-
tor took three separate rules against her, one relating to each piece
of property, to show cause why she should not be compelled to com-
ply with the adjudications.

By order of court the three rules were consolidated, and being
taken up together as one single case, were tried, evidence adduced
and one single judgment rendered in favor of the succession, making
the rules absolute.    From this judgment Mrs. Huy appealed, and a
motion to dismiss the appeal has been filed in this court on the
ground " that it has no jurisdiction, as the adjudication of each piece
of property was for a price less than two thousand dollars and there-
fore below the lower limit of the jurisdiction of this court."

The aggregate amount of the price of the three adjudications is
above that limit.    We are of opinion that we have jurisdiction in
this case.

In Offut vs. Roberts, 12 Martin, 300, the court said:    " We take
the effect of the consolidation to be that the cases are to be consid-
ered as if the facts of both petitions were introduced in one or sev-
eral counts, and those of the two answers were put together.    On
suits thus consolidated, but one judgment can be regularly given."
And in Heirs of Bailio vs. Prudhomme *et al.*, 8 N. S. 388, wherein

judgment in the District Court was rendered after a consolidation of two separate suits which had been brought by plaintiffs against the defendants, and wherein the aggregate amount, but not the separate amounts involved in the suits, would authorize the appeal, it declared in refusing the motion to dismiss "as the consolidation took place with the consent of the plaintiffs, it was of opinion that both actions must be considered as one in relation to the matters in dispute."

The trial of different cases together must not be confounded with the cumulation or consolidation of cases (see Armitage vs. Barrow, 10 An. 79). The mere trial of cases at the same time leaves them as distinct as they were before, but consolidation works the result which amendments when allowed bring about.

"Amendments, when allowed, form part of the pleadings, and plaintiff's demand is precisely what it would have been had the original and amended petition been filed at the same time, so that the court must decide on both, and can not give judgment on one alone." Hennen's Digest, 1182, No. 2; Lanusse vs. Massicot, 3 Martin, 41; King vs. Wartelle, 14 An. 750.

The three rules which the executor caused to be taken could all have been properly combined or cumulated in one original, and we see no good reason why this was not done, as the law does not favor a multiplicity of suits and an unnecessary entailment of costs. The judge rightly consolidated them. Appellee says in her brief that this was done over her objection, but if objection was made the fact does not appear of record. Her position is one of acquiescence if not actual consent. This case is not that of several distinct plaintiffs with distinct causes of action uniting in one suit against a single defendant, or one plaintiff proceeding against several defendants on a separate cause of action against each. Therefore decisions which go to show that appeals have been dismissed in this court in cases of that character for want of jurisdiction are not pertinent. The only authority cited by appellee which bears any resemblance at all to the present is that of the claim of Hopkins referred to in Louisiana Railroad Co. vs. Hopkins, Kennedy et al., 33 An. 808, which seems to have been decided upon a special state of facts, not identical with those which appear in this.

We think the motion to dismiss the appeal is not well taken. The appeal must be sustained.

### ON THE MERITS.

On the first hearing of the cause it was ordered that the judgment appealed from should be avoided and the demand of the plaintiffs be rejected. A rehearing having been granted the opinion of the court was delivered by

BREAUX, J.   The first husband of Mrs. Wilhemina Justus, the late Joseph Armbruster, bequeathed to her all his property. The will was nuncupative by public act, but defective in form because of the failure to state the residence of the witnesses. The will was probated in 1876, and she was decreed entitled to the possession of the property. At her death the property was sold by public auction as hers.

The will has become effective and legal by the operation of prescription, except if there should be minor heirs, against whom the prescriptible period dates from majority. Civil Code, 3542.

If there are no minor heirs, the property belongs to the succession of Mrs. Justus. In our original decree we reversed the decision of the lower court for the reason that the evidence disclosed that one of the brothers of Joseph Ambruster, viz.: Anton Armbruster, died on October 20, 1882, and there was no proof in the record to show that he left no minor heirs.

The executor of the estate of Mrs. Justus applied for a rehearing on the ground that Anton Armbruster lived more than five years after the date of the judgment of 24th of November, 1876, probating his brother's will. This contention is sustained by the record.

A rehearing was therefore granted. The appellant, who was adjudicatee of property of the succession of Justus, urges that the certificate of the curate at Wolfach, Germany, admitted as proof of the non-existence of Armbruster heirs, is not sufficient to show the matters and things therein stated.

The defendant, purchaser, submits that the case should be remanded in order that evidence may be admitted to prove that the entries in the curate's books are true. Ordinarily, the entries in registers, duly made, kept by a person bound to record the fact, in any foreign country, makes full proof when properly authenticated by the consular officer of that country.

The proper evidence in that case is a copy of the record. The certificate should be of birth, marriage and death. Hughey *et al.* vs. Barrow, 4 An. 248, 252.

20

With regard to evidence of this character, Mr. Best, in his work on Evidence, p. 478, par. 498, says: "It is impossible to dispense with this kind of evidence, especially in proof of remote and collateral matters; but tribunals should be on their guard when the actual *point at issue in a cause depends wholly or chiefly upon it.* It is from its nature very much exposed to fraud and fabrication." (Italics ours.) The controversy is limited to proof of heirship within a certain age. It is the only point at issue.

There is no desire on our part to recall our decision in this case on this point. The certificate is properly before the court, and though in some respects it does not make proof of the fact stated it was admitted as competent evidence.

The purchaser apprehends that question will arise in regard to the validity of the title if there are minors, or major heirs, as to whom the prescription of five years would not apply.

In order that he may purchase the property, free from all clouds and doubts, he desires that the case be remanded to allow the explanation by testimony of the family tree and the curate's certificate.

We can conceive of no good reason to deny to him the opportunity of thus sustaining the evidence, if the facts justify, in order that his title may be absolutely legal and valid.

It is therefore ordered that the judgment of the District Court herein be reversed, and that the case be remanded to the lower court exclusively to hear evidence to be produced by defendant and appellant, within reasonable time, regarding the correctness *vel non* of the family tree and of the curate's certificate, and such other evidence as may be needful to prove that there are or that there are not minors or major heirs to whom the prescription of five years may or may not apply, and that such judgment be rendered on that question as the law and facts will justify (and if there are no minor or major heirs to whom prescription does not apply, that judgment be rendered for plaintiff). Costs in both courts to abide the final determination of the cause.