On Motions to Dismiss.
NICHOLLS, J.
In the certificate of the clerk to the transcript of appeal that officer certifies that:
The “answer of Edward Kory filed October 28, 1907, three notes filed July 24, 1908, and sheriff’s indemnity bond filed September 13, 1908, are missing from the record, and cannot be found notwithstanding due and diligent search cannot be found.”
The appellees move to dismiss the appeal by reason of the absence of those papers from the record.
Since the filing of. the motions to dismiss a carbon copy of the missing answer of Edward Kory has been found, and replaces the original.
The practice of this court where a material part of the record or the evidence adduced has been lost through no fault of the appellant, and he is unable for that reason to bring up a record upon which the court can review the judgment appealed from, has been to remand the case to be tried de novo, and not to dismiss the appeal.
Under that rule, the' motion to dismiss would be denied, and the cause remanded, if the situation of the cause was such as to require the application of that rule to this case. ’ ’ , .
As we are presently advised, the missing papers will not be necessary to enable us to *823 pass upon the issues submitted in this ease for our decision.
If, on the hearing, it should be ascertained that such is not the ease, we can then order the case to be remanded. See, on this subject, Barton v. Burbank, 119 La. 227, 43 South. 1014, and the numerous authorities therein cited; Grubbs v. Pierson, 111 La. 101, 35 South. 474; Immanuel Presbyterian Church v. Riedy, 104 La. 319, 29 South. 149.
The motions to dismiss are denied.