8254

LAZARD FALCON

 VS No. 8254

PAUL CORONA

April 24th, 1922.

489

LAZARD FALCON

VS No. 8254.

PAUL CORONA

CHARLES F. CLAIBORNE, JUDGE.

From a judgment against him the defendant, on April 5th, 1921, took an appeal returnable to this Court on April 30th, 1921. From that time to this, the defendant and appellant, from month to month has presented ten consecutive petitions for an extension of time to file the transcript, on the ground that the Clerk of the District Court was unable to complete the transcript owing to the continued failure of the stenographer to deliver the testimony taken by him in the trial Court, notwithstanding a rule taken against him and an order commanding him so to do. The stenographer then died.

On April 6th, 1922, appellant took, in this Court, a rule against the plaintiff and appellee to show cause why the judgment herein should not be set aside and why this case should not be remanded for a new trial owing to the absence of the testimony.

Plaintiff and appellee, on the other hand, moved to dismiss this appeal on the ground

"that the bond given by the defendant and appellant to suspend the execution of the judgment herein is defective, null, and void, and insufficient to operate as a suspensive appeal bond".

This motion is too vague and indefinite to inform the appellant of the ground upon which the bond furnished by him is not sufficient, and should not perhaps, for that reason, be noticed. But upon the argument of the motion, which it is our custom to permit, the appellant raised no objection; neither can

490

we. The appellee explained that the bond was "insufficient" because it was not accompanied by the affidavit of the appellant and the surety on the bond that the surety

> "is worth, over and above all his debts and obligations, in assets that can be subjected to levy under execution, the amount for which said surety has bound himself in said bond"

in accordance with Section 4 of Act 112 of 1916 p 242. It is true that the bond does not contain such an affidavit. But according to the same act it is provided:

> "Section 2: "That whenever any litigant in this State shall have furnished, in connection with any judicial proceeding, a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, error, or omission in the Court of original jurisdiction according to law & c".
> "Section 3: x x x if the adverse party, or any other party in interest shall cause to be served upon him, through the proper officer for service, a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance & c".
> Section 4: "That no officer of any Court shall accept any bond"

unless it is accompanied by the oath of the principal and surety required by the above section.

> Section 9: "That no appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety or sureties, on said bond, until the party furnish-

491

ing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as hereinabove provided".

In interpreting this statute the Supreme Court has decided as follows:

In White vs Maison Blanche 142 La. 265 the Court said: "Under Act No. 112 of 1916 §§ 3 and 9, and appeal will not be dismissed when it is not claimed that appellant was given any notice by appellee of the insufficiency of the bond of appeal either in form or amount".

In Hurry vs Hurry 144 La. 877 the Court said: "Under Act No. 112 of 1916 § 9, despite section 3, appellee in a divorce suit should have urged his complaint in relation to the insufficiency of appellant's appeal bond in the District Court, should have had it served on appellant, and should have given her opportunity to correct the errors, or to furnish a new bond within two legal days after service of the complaint; and appellee having failed to do so, the appeal cannot be dismissed on account of errors or omissions in appeal bond".

In Durel vs Buchanan 147 La. 804 the Court said: "Since the provisions of Act No. 112 of 1916 an appeal cannot be dismissed for insufficiency of the appeal bond without allowing appellant opportunity to furnish new and additional bond as required by Section 3 and 9".

In Bolich vs Mathe 89 So. Rep. No. 13 p 628 the Court repeated:

"In view of Act No. 112 of 1916 § 9 appeal will not be dismissed for any inaccuracy or error in the appeal bond or for insufficiency of security, where the defendant has not been put in default in the District Court in

492

~~the District Court~~ in the manner directed by the statute".

We believe these decisions apply notwithstanding the provisions contained in Section 4 prohibiting any officer of Court from accepting any bond not accompanied by the affidavits of the principal and surety. The bond, when filed, does not cease to be a bond, although not sworn to, nor are the principal and surety released for want of their affidavits.

II. When testimony taken in the trial Court has been lost, through no fault of the appellant, and the Clerk is not able, for that reason to include it in the transcript, the judgment appealed from will be reversed and set aside and the case remanded for a new trial. 119 La. 225; 124 La. 820 and the numerous authorities quoted in the first case and specially 32 A. 646.

It is therefore ordered that the motion to dismiss the appeal be denied, and that the judgment of the District Court be reversed and set aside and that this case be remanded for a new trial, all costs to await the final judgment.