O’NIELL, Chief Justice.
 

 Samuel Fried brought five suits against the New Xork Life Insurance Company, on five life insurance policies, under which he claimed disability benefits for permanent and total disability. The suits were all filed at the same time, and were numbered consecutively, 23494, 23495, 23496, 23497, and 23498 oh the docket of the district court. All of the policies contain exactly the same terms and conditions as to disability benefits, and in fact the policies are exactly alike, except as to serial numbers and the amount of insurance — three of the policies being for $10,000 each, and two being for $5,000 each. The disability alleged is the same in each suit. In fact the five petitions are exactly alike, except as to the number and amount of the policy sued on, and as to the amount claimed.
 

 The insurance company, without answering the suits, obtained a rule on the defendant to show cause why the suits should not be consolidated, because they were all founded upon the same cause of action, and upon contracts exactly alike, and because the only question which the company would put at issue in defense of the suits would be the question of disability, or the extent of the disability, of the insured. The district judge, after hearing the plaintiff in the suits, refused to order them consolidated; and the insurance company brought this proceeding by certiorari and mandamus to avoid the multiplicity of suits.
 

 In response to the writ of certiorari and the alternative writ of mandamus, the respondents, Fried and the judge, pleaded that the motion to consolidate the suits is premature because the insurance company has not answered the suits. There might be considerable merit in the plea but for the fact that the insurance company, in asking for a consolidation of the suits, judicially declared that the only defense that would be made to the suits would be a denial of the alleged disability. The motion to consolidate, therefore, was not premature.
 

 The respondents pleaded also, in answer
 
 to
 
 the writs, that there was no provision in the Code of Practice for the cumulation of actions, or for the consolidation of suits, except that articles 148 and 149 of the Code of Practice provide that two or more demands may be cumulated in one suit unless one of the demands contradicts or precludes another, and except that article 422 provides that, when two parties have instituted suit against each other in the same court, the judge may, at the request of either of the parties, order that the suits be consolidated, in order that one judgment may decide them, if, from their nature, one of the demands may compensate or offset the other.
 

 Articles 148 and 149 and article 422 of the Code of Practice are not at all appropriate to this case; and we are not aware of any other provision in the Code that might be invoked. But the policy of the law, in its avoidance of a multiplicity of suits between the same parties, is well settled. Succession of Justus, 47 La. Ann. 302, 16 So. 841; Union
 
 *135
 
 Garment Co. v. Newburger, 124 La. 820, 50 So. 740, 744; Reed v. Warren, 172 La. 1082, 130 So. 59. In Union Garment Co. v. Newburger, the court, referring to article 422 of tbe Code of Practice, said:
 

 “The learned counsel for Hartwig Moss contends that, except under the circumstances specified in this article [422], suits cannot be ordered to be consolidated.
 

 “We do not agree with that view. Every reason would dictate that two suits before the same court between the same parties and involving the same issues should be consolidated. If the Code has not made any express provision to that effect, it is simply because, such a provision was unnecessary. The above quoted article authorizes the consolidation of suits involving different issues. If so, a fortiori, does it authorize the consolidation of suits involving the same issue.”
 

 The plaintiff in these suits, respondent in this proceeding, cites, in support of his contention, Armitage v. Barrow, 10 La. Ann. 78, Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742, and Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 12 S. Ct. 909, 36 L. Ed. 706. These cases are not to the point. Armitage v. Barrow is authority for the proposition that, where several suits are brought by several plaintiffs, respectively, and a separate judgment is rendered in each suit, the question of appellate jurisdiction is determined by the amount in contest in each case, and not by the aggregate amount in contest in all of the cases. The converse of the proposition was held in Succession of Justus, 47 La. Ann. 302, 16 So. 841, where three suits were brought by the same party against the'same defendant, to compel specific performance of the sales of three pieces of property, adjudicated to the defendant by the plaintiff, as executor. Roussel v. Railways Realty Company is authority for the proposition merely that the plaintiff in a petitory action may, at his option, either include in his suit a demand for rents or reserve the right to sue for the rents after the question of title is decided, and that, if the plaintiff does not sue for the rents in the petitory action, the judgment rendered in the case will not make the question of his right to the rents res judicata. In Mutual Life Insurance Co. v. Hillmon, New York Life Insurance Co. v. Hillmon, and Connecticut Mutual Life Insurance Co. v. Hillmon, it was held that the circuit court had the right to order the consolidation of the three suits .brought by the same plaintiff against the three insurance companies, on three life insurance policies on the life of the plaintiff’s husband, where a decision of all three cases depended upon one and the same question, and the consolidation of the cases saved unnecessary cost and delay. It was held also that the consolidation of the suits should not deprive the defendants of the number of challenges to which each of them was entitled in the impaneling of the jury to try •the case. That part of the decision, of course, has nothing to do with the present case, where the same company is the defendant, and the only defendant, in all of the suits.
 

 Our conclusion is that the insurance company in this case has the right to have the five suits consolidated, in order to save time and expense, and' in order that one judgment may settle the question of the company’s liability to the plaintiff, and the extent thereof, if there be a liability. No good rea
 
 *137
 
 son has been given why the suits should be tried separately. The only result of trying them separately, instead of consolidating them, would be to impose .unnecessary and extraordinary costs and expenses -upon the party losing, and perhaps to delay matters; which results ought to be avoided whenever such avoidance can be accomplished without prejudice to any one.
 

 The alternative writ of mandamus, or rule to show cause, issued herein, is made peremptory, and, accordingly, it is ordered that the five suits entitled Samuel Fried v. New York Life Insurance Company, and numbered, respectively, 23494, 23495, 23496, 23497, and 23498, on the docket of the ninth district court for the parish of Rapides, be consolidated and be tried and decided as one case. The respondent, Samuel Fried, is to pay the costs of this mandamus proceeding.