188 So. 144

RIGGIN et al. v. WATSON–AVEN ICE
CREAM CO., Inc., et al.

No. 35238.

April 3, 1939.

Theus, Grisham, Davis & Leigh, of Monroe, for applicant.

C. T. Munholland, of Monroe, for respondents.

ROGERS, Justice.

Elbert Carl Riggin brought suit in the Fourth Judicial District Court for the Parish of Ouachita against the Watson-Aven Ice Cream Company, Inc., and the Employers Casualty Company, its insurance carrier, to recover damages for the wrongful death of his wife in a collision between an automobile, driven by him and occupied by his wife and Coy McKaskle, and a truck owned by the Watson-Aven Ice Cream Company, Inc.

Coy McKaskle also brought suit in the same court against the Watson-Aven Ice Cream Company, Inc., and the Employers

Casualty Company, its insurance carrier, to recover damages for personal injuries suffered by him in the same accident.

Answers were filed by the defendants, denying the material allegations in each petition and pleading, in the alternative, the contributory negligence of plaintiffs. The Employers Casualty Company further pleaded the terms and limitations of the insurance policy, as an additional alternative defense.

The cases were assigned for trial in the district court for February 7, 1939. On that day the suit of Coy McKaskle, appearing first on the docket, was called for trial, whereupon counsel for the defendants filed a motion to have the McKaskle suit consolidated with the Riggin suit for the purpose of trial, with separate judgments to be rendered in each suit. On objection by counsel for the plaintiffs, the trial judge overruled the motion and ordered the cases to be separately tried. Counsel for defendants then invoked the supervisory jurisdiction of this court.

Respondents Riggin and McKaskle, in answer to the rule nisi, urged that their objection to the consolidation of the cases was well-founded because they are, first, by different plaintiffs; second, involve different subject matter; third, contain different demands and causes of action; and, fourth, require the rendition of separate and distinct judgments.

Respondents plead that there is no authority either under the Code of Practice or the jurisprudence of the state whereby they may be compelled to consolidate their causes of action for trial, but that, on the contrary, they are entitled under the law to separate trials of the cases.

■ There is no express authority under the provisions of the Code of Practice for the consolidation of suits where two or more parties have instituted suit against the same defendant. The only provision of the Code of Practice bearing upon the consolidation of suits is Article 422, which authorizes consolidation only where parties have instituted suit against each other in the same court. Obviously, the consolidation sought by relators cannot be ordered under this codal article. But the Code of Practice does not exclude remedies other than those therein expressly provided. On the contrary, Article 130 declares that judges shall possess the powers necessary for the exercise of their respective jurisdictions, inherently and independently of express law, and by necessary implication it gives legislative sanction to the exercise of those powers. In the case of Union Garment Co. v. Newburger, 124 La. 820, 50 So. 740, which was cited and approved in Fried v. New York Life Ins. Co., 177 La. 132, 148 So. 5, it was held that all courts have the inherent power to order consolidation in proper cases, and that the right of consolidation was not dependent solely on Article 422 of the Code of Practice.

■ Where the law is silent, courts will afford other proper remedies, not prohibited, if the interests of justice will be promoted thereby. Allen v. Shreveport Mut. Bldg. Ass'n, 183 La. 521, 164 So. 328.

■ The policy of the law is to avoid a multiplicity of suits, whether the obligations sought to be enforced arise ex delicto

or ex contractu. Reed v. Warren, 172 La. 1082, 136 So. 59. The ground upon which this policy is founded is that it prevents unnecessary expense, delay and vexation in the administration of justice. The general rule relative to the consolidation of cases is set forth in Corpus Juris, vol. 64, Trials, sec. 6, p. 35, as follows:

"A court may order several causes pending before it to be tried together where they are of the same nature, arise from the same act, event, or transaction, involve the same or like issues and depend largely or substantially on the same evidence and a joint trial will not give one party an undue advantage or prejudice the substantial rights of any party. This is true not only where the parties in the several actions are the same, but also where some of the parties are different, as where the actions were brought by the same plaintiff or plaintiffs against different defendants or by different plaintiffs against the same defendant or defendants. The order may be made, although defendants employ different counsel. Indeed, it is held or stated that such an order may be made even though there are differences in the character of the actions, the rights and liabilities of the parties or the evidence. Where, in actions by different plaintiffs against the same defendant or defendants, the only difference is in respect of the issues of contributory negligence of the several plaintiffs, the extent of the injuries or damages sustained by them, or the evidence relating thereto, the cases may be ordered to be tried together. * * * The object of trying several cases together is to serve the convenience of the court and litigants and avoid unnecessary costs, delay, and vexation in the attainment and administration of justice; and, independent of statutory authority, a court of general jurisdiction has inherent power to order such a trial under proper circumstances. * * *"

The prevailing rule was recently followed in the matter of Mrs. Flora D. Harrison et al. v. Louisiana Highway Commission, et al., in which ten separate suits for property damage against the City of Shreveport and the Louisiana Highway Commission were consolidated by the First District Court for Caddo Parish over the objection of the defendants. The order of consolidation was approved by this Court, which refused defendants' application for a writ of certiorari to review the ruling of the trial judge. In re City of Shreveport and Louisiana Highway Commission applying for a writ of certiorari, No. 33557 of the docket of this Court. (Not reported.)

Relators' motion to consolidate the suits instituted against them by respondents Riggin and McKaskle is predicated on their claim that the cases and all the issues involved therein arise from one and the same accident and are of a similar nature, with the additional claim of the relator Employers Casualty Company that the monetary judgments sought against it are in excess of the limits of the liability assumed in the insurance contract on which plaintiffs' actions are founded.

The record, which was brought here by certiorari, discloses that the suits sought to be consolidated were filed at the same time, in the same court, by the same attorney, and to recover damages against the same defendants. The cause of action

asserted in each suit is founded on the same automobile accident and the same policy of insurance. There is no substantial difference in the character of the actions, and, under the pleadings, the issues presented and the facts to be elicited, with the exception of the extent of the injuries and damages claimed, are practically the same. The limit of liability of the defendant insurance company under its policy contract for bodily injuries growing out of the accident on which plaintiffs' cause of action is founded is $20,000. The plaintiffs' demands against the company are for an amount largely in excess of its contractual liability. In the event the plaintiffs should be found to be entitled to a recovery in the amounts as prayed for by them, the proportion in which the plaintiffs in the two suits should share in the sum constituting the total possible liability of the company should be fixed at one and the same time.

From the nature of the suits as defined by the pleadings, it is plain that the trial will be lengthy and burdensome and that their consolidation will prevent unnecessary expense, delay and vexation without prejudice to the rights of any of the parties. This is the view expressed by the trial judge in his return to the rule nisi when he states that "a consolidation would greatly facilitate the trial of the causes in court, and the court could not see where it would work any injury to plaintiffs." The only reason the trial judge declined to order the consolidation of the causes was because he considered that he was without authority to do so over the objection of plaintiffs' counsel.

For the reasons assigned, the alternative writ of mandamus, or, rule to show cause,

issued herein, is made peremptory, and accordingly it is ordered that the suits of Elbert Carl Riggin and Coy McKaskle against the Watson-Aven Ice Cream Company, Inc., and the Employers Casualty Company, numbered, respectively, 27,890 and 27,891 on the docket of the Fourth Judicial District Court for the Parish of Ouachita, be consolidated and be tried as one case, but with separate judgments to be rendered in each case. The respondents, Elbert Carl Riggin and Coy McKaskle, are to pay the costs of this proceeding.

HIGGINS, J., absent.