HAWTHORNE, Justice.
 

 This matter is before us under our supervisory jurisdiction and involves the correctness of the overruling by the trial judge of a motion to consolidate for the purpose of trial, with separate judgments to be rendered in each case, three suits pending on the docket of the Sixth Judicial District Court in and for the Parish of East Carroll.
 

 These three suits (styled “Olivedell Planting Co., Inc., et als. vs. Town-of Lake Providence,” No. 2288 on the docket of the court; “W. T. Mitchiner et als. vs. Town of Lake Providence,” No. 2289, and “S. K. Mitchiner et als. vs. Town of Lake Providence,” No. 2290) were brought to recover damages sustained by plaintiffs therein resulting from fire losses which occurred- on Janüary IS, 1944. Previous to the day fixed for trial, counsel for plaintiffs filed a motion to have all three cases consolidated for the purpose of trial, with separate judgments to be rendered in each case. On the day fixed for trial, counsel for defendant orally objected to the consolidation of these cases, whereupon the court sustained this objection and overruled plaintiffs’ motion. Counsel then applied to this court for remedial writs. After due consideration of their ap
 
 *901
 
 plication, we granted a writ of certiorari with a stay order and a rule directed to the district judge and the respondent, Town of Lake Providence, to show cause why the relief prayed for in the petition of relators should not be granted.
 

 The respondent judge has not filed an answer to the rule, and we are therefore without the benefits of his reasons for overruling the motion to consolidate, nor has the original record or a certified copy thereof been filed in this court. The case has been submitted on the allegations of relators’ application, together with the documents thereto attached, and briefs filed by both relators and respondent, Town of Lake Providence.
 

 Relators’ application, with the documents attached, discloses that the three suits sought to be consolidated were filed at the same time, in the same court, by the same counsel, and are against the same defendant, Town of Lake Providence, and the cáuse of action for each arose at the same time and out of the same instance, namely, damages resulting from fires caused by alleged negligent construction, operation, and maintenance of the defendant’s electric transmission lines, and that all of the facts and issues involved in these cases, with the exception of’the extent of damages claimed, are identical, and all involve the identical charges of negligence and omission on the part of defendant.
 

 Relators’ application alleges that 27 witnesses were subpoenaed, and that their testimony would not include the testimony to be given by the parties to these suits, and that from the very nature of the controversy it is self-evident that separate trials would be lengthy and of a burdensome nature to the court as well as to the parties and the witnesses, and that there would be no prejudice to the defendant by consolidation of these cases, and that plaintiffs should not be forced into separate trials of these three lawsuits involving the same witnesses, the same issues, the same defendant, and the same c^use of action.
 

 In brief filed in this court, in support of their motion to consolidate these suits counsel for relators cite and rely upon the case of Riggin et al. v. Watson-Aven Ice Cream Co., Inc., et al., 192 La. 469, 188 So. 144. This case, in our opinion, fully supports, and is authority for, the decree to be rendered herein.
 

 In that case this court set forth certain reasons why the two suits therein should be consolidated, .and in the motion to consolidate in the case now before us filed in the lower court and in the application for writs in this court relators urge and set forth the same reasons, almost in the identical language used in the cited case, which in our opinion are applicable to the issues here involved and are decisive of the question before us.
 

 In brief filed in this court, respondent sets forth that it objected to the consolidation of these cases upon the ground that its rights would be prejudiced thereby. We concede that, where two or more different parties have instituted suits against the same
 
 *903
 
 defendant in the same court, the suits should never be consolidated if such consolidation would prejudice any rights of either the plaintiffs or the defendant. However; counsel do not point out, nor are we able to ascertain, in what way the rights of defendant in .this case will be prejudiced by a consolidation of these suits.
 

 On the contrary, as pointed out in the case of Ríggin et al. v. Watson-Aven Ice Cream Co., Inc., et al., supra, the policy of the law is to avoid a multiplicity of suits where the obligations sought to be enforced arise ex delicto or ex contractu, this policy being founded on the ground that it prevents unnecessary expense, delay, and vexation in the administration of justice. In the absence of prejudice; this policy of law is applicable to the cases here under consideration.
 

 For the reasons assigned, it is ordered that the suits styled “Olivedell Planting Co., Inc., et als. vs. Town of Lake Providence,” “W. T. Mitchiner et als. vs. Town of Lake Providence,” and “S. K. Mitchiner et als. vs. Town of Lake Providence,” Nos. 2288, 2289, and 2290, respectively, on the docket of the Sixth Judicial District Court in and for the Parish of East Carroll, be consolidated and tried as one case, with separate judgments to be rendered in each case; costs of these proceedings insofar as allowed by law to be paid by respondent, Town of Lake Providence; all other costs to await the final termination of said suits.