FRUGÉ, Judge.
This is an appeal of a trial court judgment on a suit on open account. Proceedings were instituted by plaintiff-appellant, United Tile Company, Inc., against defendant-appellee, Marks Construction Company, Inc., on an open account for the sum of $1,533.85. Defendant-appellee filed an answer generally denying the allegations of the petition and alleging a breach of contract by plaintiff-appellant.
In the petition of plaintiff-appellant, it was alleged that defendants were indebted to plaintiff for materials furnished. In the trial on the action, however, the lower court allowed the parties to introduce evidence so as to include the question of charges for labor. Apparently, the amount sued upon by plaintiff included not only the charge for materials but for installation labor charges as well. A formula testified to by plaintiff’s manager revealed that about forty-five percent of the cost of a job was for labor and about fifty-five percent for materials.
At the conclusion of the trial, plaintiff’s counsel made a motion requesting that the court allow him the right to amend his petition to conform to the evidence. Recognizing that the law provides for amendment of pleadings to conform to the evidence, the court nevertheless refused to grant the motion, reserving to the plaintiff his right to proceed by separate petition to recover the cost of labor.
The trial court awarded judgment in favor of United Tile Company in the sum of $840.62. This was what it computed by plaintiff’s formula to be the cost of the materials, plus legal interest from date of judicial demand and costs. In so doing the court stated:
“This is a suit to recover for materials delivered to the Defendant Construction Company in connection with certain verbal contracts for construction of residences. Plaintiff claims a total amount of $1,533.85. The testimony indicates that such a figure includes a claim for labor as well as materials furnished Defendant Company. Reserving to Plaintiff his right to proceed for recovery of any amounts due as a result of labor furnished Defendant Company in connection with these jobs, and in accordance with the testimony of Plaintiff Company’s General Manager, the Court finds in favor of Plaintiff in the amount of $840.62, which figure, in accordance with the formula used by Plaintiff Company in their job estimates, represents the cost of materials furnished Defendant Company * *
Appellant urges only one specification of error — namely, that the trial court erred in dividing a cause of action on its own cognizance.
In his brief, counsel for appellant urged that the pleadings were enlarged by the introduction of evidence unobjected to and that as per Article 1154 of the Code of Civil Procedure, the issues should be considered enlarged and therefore that he should be allowed to receive judgment in the total amount of the claim of the original petition. Plaintiff-appellant urges that by refusing him the right to amend his petition to conform to the evidence, that the lower court divided the cause of action, and although it allows the plaintiff a separate action on a different portion of the same obligation, the court has produced a splitting of the cause of action, with the effect of creating a multiplicity of suits.
It is without question that the policy of the law is to avoid a multiplicity of suits where the obligation sought to be enforced arises ex delicto or ex contractu, this policy being founded on the grounds that it prevents unnecessary expense, delay, and *149 vexation in the administration of justice. Olivedell Planting Co., Inc., et al. v. Town of Lake Providence, 209 La. 898, 25 So.2d 735 (1946).
Looking at the record we find that the pleadings were enlarged, or better yet, clarified, to include the cost of installation. The answer of defendants specifically avers that defendant and plaintiff entered into a contract to furnish labor and materials and to complete certain jobs at a fixed price per job. Furthermore, the witnesses for both parties, the presidents of each corporation, testified that the price for the “merchandise” (tile) included its installation labor costs.
Given these facts it is obvious that the pleadings were enlarged in that the word “merchandise” of the petition was interpreted by the evidence to mean material and labor. Plaintiff having proved the labor charges, he should be allowed them under the general heading of “merchandise” within the wording of the contract and the obvious contemplation of the parties.
As to the defense alleging that the amount for labor cannot be recovered in that some of the jobs have not been com-, pleted, we find no merit. We have carefully studied the record, and find that the uncorroborated testimony by defendant’s president is not sufficient proof so as to defeat the collection by the plaintiff of the amounts due him under the contract.
For the foregoing reasons this court is of the opinion that the trial court’s judgment awarding plaintiff the cost of the merchandise should be affirmed, but that his refusal to award plaintiff the cost of labor should be reversed, and that judgment be rendered for plaintiff in the full amount of $1,533.85, plus legal interest from the date of judicial demand. The costs of this appeal are to be paid by defendant-appellee.
Amended and affirmed.