632 So.2d 364 (1993)
S.K. WHITTY AND COMPANY, INC.
v.
LAURENCE L. LAMBERT & ASSOCIATES, et al.
No. 93-CA-0486.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
Rehearing Denied March 17, 1994.
Normand F. Pizza, Richard Ernest Santora, Elsa Mildred Ward, Brook, Morial, Cassibry, Pizza & Adcock, New Orleans, for appellant.
Stephen R. Remsberg, Kenneth A. Mayeaux, Robert P. Hutchinson, Lemle & Kelleher, New Orleans, for appellees.
Before CIACCIO and WALTZER, JJ., and JAMES C. GULOTTA, J. Pro Tem.
CIACCIO, Judge.
Plaintiff, S.K. Whitty ("Whitty"), appeals from a trial court judgment granting the City of New Orleans' motion to change venue. For the reasons stated, we reverse and remand for further proceedings.

Facts
In August of 1989, the City of New Orleans, through the New Orleans Aviation Board ("the City"), published an Invitation to Bid for the construction of a multi-level parking garage at the New Orleans International Airport ("the project"). In June of 1988, the *365 City entered into a written construction contract with Laurence L. Lambert and Associates, architectural engineers, for the design of the project. Landis and James Construction Co. was selected as general contractor for the project. Highlands Insurance Company executed performance and payment security bonds in connection with this project. The contract and accompanying bonds were duly filed into the mortgage records in Orleans and Jefferson in accordance with the Public Works Act, La.R.S. 38:2241(A).
Numerous subcontractors were engaged in connection with the construction of this facility. Plaintiff, S.K. Whitty and Company, Inc. was awarded a subcontract for pile driving on the project by Landis in September, 1988.
On July 28, 1989, plaintiff filed the present lawsuit against Lambert, Landis and the City for negligence and breach of contract. Plaintiff's domicile as well as that of the City was stated to be Orleans Parish and the suit was filed in that parish.
In its petition, Whitty alleged that defendants were negligent in preparing and submitting the requisite specifications for the pile driving project, that the specifications were defective and incomplete, that defendants were negligent in the administration of the project and that they were in bad faith. Whitty also asserted a claim for unpaid retainage due on the contract and for additional compensation due as a result of additional work and delays caused by defendants.
Defendants filed an exception of no cause of action to plaintiff's petition which was granted by the trial court, but reversed by a panel of this court and remanded for further proceedings. Defendants subsequently answered plaintiff's petition, and both the City and Landis filed cross-claims against one another.
Landis substantially completed construction of the project on July 23, 1991. The City filed and recorded an acceptance of the work in the mortgage records in both Orleans and Jefferson Parish. Before or within 45 days after the recordation of the acceptance by the City, several of the subcontractors on the project, with the exception of S.K. Whitty, recorded lien claims against the City in the mortgage records in both parishes.
Thereafter, on November 12, 1991, over two years after the filing of the Whitty suit, the City filed a Petition for Damages and Concursus pursuant to La.R.S. 38:2243 of the Public Works Act. The concursus was brought in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, the venue of the construction project. Landis and Highlands subsequently filed a reconventional demand in this action seeking indemnification for any liability to S.K. Whitty arising from the Orleans Parish suit.
S.K. Whitty filed a motion to set for trial in the Orleans Parish suit on April 27, 1992. On June 3, 1992, the City filed a Motion to Change Venue, or in the alternative, for Leave to File Amended Cross-Claim. The City argued that Whitty's claims were more properly asserted in the concursus proceeding filed in Jefferson Parish. S.K. Whitty opposed the transfer.
On December 23, 1992, the trial court, with written reasons for judgment, granted the City's motion and transferred Whitty's suit to the Twenty-Fourth Judicial District Court for Jefferson Parish. It is from this judgment that Whitty now appeals.
In rendering judgment in favor of the City, the trial court relied on the official comments to Louisiana Code of Civil Procedure Article 1561 and on La.C.C.P. art. 4653(B). On appeal, Whitty argues that the trial court's reliance on these two articles in granting the transfer was misplaced. We agree.
La.C.C.P. art. 1561 provides:
When two or more separate suits involving a common issue of law or fact are pending in the same court, the court, at any time prior to trial, may order the consolidation of the suits for trial or may order a joint trial of any of the common issues.
The comments to this article provide in part:
(a) Despite the narrow wording of Arts. 422 and 423 of the Code of Practice, the jurisprudence permitted the consolidation of suits involving the same issues, even though the parties were different, and hence did not fall within the letter of these *366 articles. Union Garment Co. v. Newburger, 124 La. 820, 50 So. 740 (1909); Fried v. New York Life Ins. Co., 177 La. 132, 148 So. 5 (1933); Riggin v. Watson-Aven Ice Cream Co., 192 La. 469, 188 So. 144 (1939); Clifton v. Tri-State Transit Co. of Louisiana, 197 La. 222, 1 So.2d 84 (1941); Olivedell Planting Co. v. Town of Lake Providence, 209 La. 898, 25 So.2d 735 (1946); Maddox v. Pattison, 186 So. 894 (La.App. 1939 [1938]). The courts were held to have inherent judicial power to consolidate. Union Garment Co. v. Newburger, supra.

The trial court reasoned that as courts have expanded upon the narrow wording of article 1561, transfer of the Whitty suit to a different court is permissible. The court further noted that the inherent judicial power to consolidate is an additional basis for the transfer.
While we agree that the trial court has wide latitude with regard to consolidation of suits pending in the same court even where the parties are different, article 1561 does not support a conclusion that the trial court may order the transfer or consolidation of cases pending in different courts. We fail to find any authority, statutory, jurisprudential or otherwise, which permits the trial court to transfer a case from one district court to another without the consent of the parties and in the absence of the inability to obtain a fair and impartial trial contemplated by La.C.C.P. article 122. Accordingly, we conclude that the trial court erred in relying on article 1561 in granting the transfer to the Jefferson Parish court.
Further, although cited by the trial court, La.C.C.P. art 4653(B) does not provide a basis for the transfer of Whitty's action to the Jefferson Parish court. That article merely governs venue for the filing of a general concursus proceeding. Whitty's action is clearly not a concursus, and there has been no dispute that the City's concursus proceeding was filed in the parish of proper venue. The trial court's reliance on article 4653 was misplaced.
The City further argues that the Public Works Act provides that all claims arising out of a public contract must be brought in a concursus proceeding. We do not agree.
Public contracts such as the one in this case are governed by La.R.S. 38:2181 et seq. Whenever the state or any political subdivision of the state enters into a contract in excess of five thousand dollars for the construction, alteration or repair of any public works, the contract must be reduced to writing and the contractor is required to furnish a surety bond in the sum of not less than fifty percent of the contract price for payment by the contractor to claimants on the contract. 38:2241. Upon substantial completion of the project, acceptance of the work shall be recorded by the governing authority in the mortgage records in the parish where the work has been done. 38:2241.1. A "claimant" is defined as any person to whom money is due pursuant to a contract with a contractor for doing work or furnishing supplies for the construction or repair of the public work. 38:2242(A). Any claimant may, after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority, file a sworn statement of the amount due him and have it recorded in the mortgage records, creating a lien and privilege. 38:2242(B).
In addition, La.R.S. 38:2243 provides:
A. If at the expiration of the forty-five days any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims. If the governing authority fails to file the proceeding any claimant may do so.
B. All the claims shall be tried in concursus and the claims of the claimants shall be paid in preference to the claims of the public entity.
Based on the provisions of 38:2243(B), the City contends that all claims arising out of the public contract for the construction of the parking garage must be brought in the concursus proceeding filed in the parish where the work was done. In support of its position, *367 the City cites Shreveport Producing & R. Corp. v. City of Shreveport, 143 So. 5, 175 La. 61 (1932) in which the Supreme Court held that the Public Works Act does not allow a plaintiff to bring a separate action against the public entity, and plaintiff was required to assert its claim in concursus.
In that case, the Court stated that "[i]f there were recorded claims against the fund when plaintiff filed its suit, it should have provoked, upon the failure of defendant to have done so within the prescribed time, a concursus ..." Id., at 7, 175 L. 61. (Emphasis ours.)
However, at the time plaintiff filed its suit in the present case, no claims had been recorded, and no concursus has been filed. The work on the project was not substantially completed until 1991, over two years after the plaintiff's suit was filed. The concursus was therefore not authorized to be brought at that time.
In addition, plaintiff did not record its claims against the City or the contractors, nor did the plaintiff bring an action against the surety on the bond. Plaintiff is therefore not asserting a lien claim, and is not entitled to share in the bond funds with the contractors participating in the concursus. Rather, plaintiff elected to file a general damage action against defendants and is limited to obtaining a personal judgment against them. We fail to find, as the City asserts, that this thwarts the purpose of the Public Works Act to require that the rights of all parties and the claims against the bond fund be litigated at the same time.
The City further argues that venue for the Public Works Act concursus proceeding is only proper in the parish were the work was donein this case Jefferson Parish. The City claims therefore that plaintiff's suit filed in Orleans Parish is improper as that court has no jurisdiction over the matter.
However, La.R.S. 38:2181(B) relating to venue of suits on public contracts provides that:
[a] suit arising under any public contract regarding the construction, alteration, or repair of any public works or for the purchase of materials or supplies, may be instituted either in the parish in which the public entity is located or in any other parish where, by law, such action may be instituted.
This statute clearly authorizes a suit arising out of a public contract to be brought in a parish other than the parish where the work was done. Both plaintiff and the City are domiciled in Orleans Parish, and venue is proper in that parish.
For the reasons stated, we conclude that the trial court was clearly wrong and without authority to transfer plaintiff's suit to Jefferson Parish. Accordingly, the judgment of the trial court is reversed, and the case is remanded to Civil District Court for further proceedings.
REVERSED AND REMANDED.