11 JOAN BERNARD ARMSTRONG, Judge.
The plaintiffs-relators seek review of a trial court judgment granting defendant’s motion to consolidate.
On January 21, 2000, William Bridwell slipped and fell, breaking his hip, while he was a patient at Tulane University Hospital and Clinic. Mr. Bridwell and his wife filed a complaint with the Patient’s Compensation Fund (PCF) against Tulane. Tulane settled the suit for the statutory maximum. Thereafter, the Bridwells sued the PCF in Civil District Court in Orleans Parish. The suit was allotted to Division “F”.
On January 24, 2000, Mr. Bridwell underwent surgery at Tulane to repair his broken hip. Drs. Kathleen Robertson and Shawn Nakamura performed the procedure. During surgery, the physicians placed the wrong sized screw in Mr. Brid-well’s hip. The screw broke causing more pain, and necessitating additional surgery. The Bridwells filed another complaint with the PCF against Tulane, and included Drs. Robertson and Nakamura for the improperly performed hip surgery, Tulane settled with the Bridwells, and once again, the Bridwells sued the PCF in Civil District Court in Orleans parish. This suit was assigned to Division “C”.
|P,The PCF filed a motion to consolidate the two suits. The relators opposed the PCF’s motion on the basis that because the parties in the two suits are different, consolidation would be improper. The motion to consolidate was heard, and granted by the judge of Division “F”. This application followed.
La. C.C.P. art. 1561 A states:
*688 Art. 1561. Consolidation for trial
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate.
The relators argue that the operative words in the foregoing provision are “common issues of fact and law5’. They contend that the two suits are separate and distinct, involving completely separate and distinct facts, acts of negligence and different parties. Further, relators complain that consolidation will serve no purpose other than to confuse the jury. La. C.C.P. art. 1561(B)(1).[1] We disagree.
We find that the two causes of action are closely connected by the facts and theories of recovery. As a matter of fact, the basis for the second cause of action allegedly was the direct result of the first cause of action. Both causes of action fall within the purview of negligence and medical malpractice. Moreover, the trial court has wide latitude with regard to consolidation of suits pending in the same court even where the parties are different. S.K. Whitty and Co., Inc. v. Laurence L. Lambert & Associates, 93-0486 (La.App. 4 Cir. 12/80/93), 632 So.2d 364.
Thus, the trial court’s decision to consolidate the two suits is reasonable and not on an abuse of discretion.
I ¡¡For the foregoing reasons, the plaintiffs relators’ writ application is denied.
WRIT DENIED.

. La. C.C.P. art. 1561 B provides in part:
B. Consolidation shall not be ordered if it would do any of the following:
(1) Cause jury confusion ...