No. 7849.

STATE EX REL. RICHARD SINNOTT VS. I. W. FALLS, SEVENTH JUSTICE OF THE PEACE, PARISH OF ORLEANS.

Article 90 of the Constitution of 1879 gives to this Court the control and general supervision of all inferior courts. This constitutional provision is addressed to the sound discretion of the Supreme Court. The authority thus granted should be most carefully exercised, and only in cases where there is a flagrant usurpation of power, or where serious injury may accrue to parties to whom no other remedies are afforded, or where the intermediate courts are without power to grant relief. The case at bar is one in which this discretionary authority should be properly exercised.

Act No. 10 of 1878, giving to Justices of the peace, in the parish of Orleans, exclusive jurisdiction over the territory of their respective districts, within the limits of the jurisdiction conferred upon them by law, is not unconstitutional.

APPLICATION for Writ of Prohibition.

B. Egan and E. N. Whittemore for the Relator.
Defendant for himself.

The opinion of the Court was delivered by

LEVY, J. The relator represents that on the 25th of February, 1880, thirty-nine suits, each for the sum of three dollars, were brought against him in the Court of the Seventh Justice of the Peace, parish of Orleans, I. W. Falls being judge of said court; that he, relator, now resides in the First District in the city of New Orleans, and has resided there for several years last past, in a district and ward different from that in which said justice of the peace holds his court, and avers that said justice of the peace is wholly without jurisdiction of said thirty-nine suits. He further avers, that he filed exceptions in each of said suits, setting up the aforesaid objections to said Seventh Justice of the Peace entertaining jurisdiction thereof, which exceptions were overruled, and said justice of the peace, after judgment overruling the exceptions was entered on the docket, erased the same and referred them to the merits, all which was done out of the presence of the relator or

| | |
|---|---|
| 32 | 553 |
| 45 | 535 |
| 32 | 553 |
| 47 | 702 |
| 32 | 553 |
| 48 | 792 |
| 32 | 553 |
| 117 | 645 |

his counsel, without giving them an opportunity of being heard, and he has refused to re-instate said exceptions, but insists on exercising jurisdiction; that the citations were made out accordingly, but before they were served on relator, the words "owner of the steamboat Jesse K. Bell" were erased therefrom, and said words have been erased from said docket. He also avers, that when said suits were filed, the tax-costs required by law to be paid in advance were not so paid. Relator prayed for the issuance of a writ of prohibition by this Court, and for the perpetuation thereof, prohibiting said justice from proceeding further against him in said thirty-nine suits, or any of them.

The writ was issued, and in his return and answer thereto, the respondent, Justice of the Peace of Seventh Justice Court, parish of Orleans, says: "The thirty-nine suits mentioned are personal actions against relator;" that the erasures of the words "owner of the steamboat Jesse K. Bell," were made by direction of respondent before issuing the citations, to save clerical labor, these words having been inserted through a clerical error;" that "before the time of trial the tax-costs had been paid;" and finally, that "act 10, Session 1878, has been declared unconstitutional by Hon. Third District Court, Respondent's Supreme Court, and that Act No. 82, approved March 30th, 1871, creating Seventh Justice Court, gives it jurisdiction over entire Parish."

In this application the relator relies upon article 90 of the Constitution of 1879, as giving jurisdiction to this Court. The decisions of the Supreme Court of this State prior to the adoption of the present constitution, are uniform on the subject of "superintending jurisdiction and general supervisory control" over inferior courts. In Laverty vs. Duplessis, 3 M. O. S. 42, it was held, that "under the authority vested in the seventeenth clause of the Judicial Act then existing, it was limited in its exercise of jurisdiction over the inferior Courts, to such acts as were necessary in aid of its appellate jurisdiction." In State vs. Judge, 19 La. 183, the Court said (in regard to the power to grant writs of prohibition): "It is within the said discretion of the tribunal to which the application is made. We understand that the authority thus granted, being considered in relation to the constitution, which allows the Court appellate jurisdiction only, is to be confined to matters which have a tendency to aid that jurisdiction." In 21 An. 123, and 26 An. 146, the same doctrine is held. The exercise of a general and supervisory control over the inferior courts has hitherto never been exercised unless in aid of the appellate jurisdiction of this Court.

Article 90 of the Constitution of 1879 plainly enlarges the powers of the Supreme Court. This article reads; "The Supreme Court shall have control and general supervision over all inferior courts. They shall have power to issue writs of certiorari, prohibition, mandamus, quo

warranto, and other remedial writs."    Article 81 reads :    " The Supreme Court, except in cases hereinafter provided, shall have appellate jurisdiction only."    Article 89 :    " The Supreme Court, and each of the judges thereof, shall have power to issue writs of *habeas corpus*, at the instance of all persons in actual custody, in cases where it may have appellate jurisdiction."

Thus the constitution gives to the Supreme Court appellate jurisdiction *only*, except in cases thereinafter provided ; it gives the Court the power to issue writs of *habeas corpus*, restricting this power, however, to cases where it may have appellate jurisdiction ; but it gives " control and general supervision over all inferior courts," and grants the power to issue certain writs without any qualification or restriction limiting the exercise of that power to cases in which it may have appellate jurisdiction.    The use of this power must then be regulated by the discretion of the Court, and here, it may be well to remark that we think the " control and general supervision " over inferior courts, addressed to our sound discretion, should be most carefully administered, and exercised only in cases where there is a flagrant usurpation of authority, or where serious injury may accrue to parties to whom no other remedies are afforded, or where the intermediate courts are without power to grant relief. Under such circumstances alone will this Court be disposed to use this discretionary power.

This seems to be a proper case for the exercise of our control and supervision.

The act relied upon by the respondent, as giving him jurisdiction of the thirty-nine suits against the relator, is No. 82, approved March 30th, 1871, entitled " an act creating an additional Justice Court for the parish of Orleans, designating it as the Seventh Justice Court, establishing its territorial limits, and conferring upon its justice concurrent jurisdiction with the other six Justices in said parish.    Sec. 2074, Rev. Statutes, declares that the jurisdiction of the Justices of the Peace of the parish of Orleans "shall be concurrent, and shall extend over the parish of Orleans, with the exception of the right bank of the river Mississippi."

Act No. 10, entitled " an act relative to the civil jurisdiction of Justices of the Peace, in the parish of Orleans," approved February 4th, 1878, enacts as follows :    " That within the limits of the jurisdiction conferred upon them by law the Justices of the Peace in the several districts of the parish of Orleans shall have exclusive original jurisdiction over the territory of their respective district."    This act repealed all laws and parts of laws in conflict or inconsistent therewith, and " took effect from and after the expiration of the terms of office of the present incumbents."    The term of office, of the justices incumbent at the passage of that act, expired in December, 1878, or January, 1879.

The respondent in his answer says : " Act No. 10, session 1878, has-been declared unconstitutional by the Hon. Third District Court," which respondent styles " his Supreme Court." We are unable to perceive that this act is in any manner unconstitutional ; on the contrary, we regard it as binding, and distinctly limiting the jurisdiction of the Seventh Justice Court to the territory of the Sixth District of the parish of Orleans, and City of New Orleans.

The thirty-nine suits referred to are brought by thirty-nine different plaintiffs ; they are each independent of the others ; the amount involved in each suit is less than ten dollars, and, therefore, not appealable. The relator, defendant, in these suits is without remedy by appeal, and can only be protected from the usurpation of jurisdiction of which he complains by the writ of prohibition. · .

It is therefore ordered that the writ of prohibition, heretofore-granted be perpetuated, and that the defendant do pay the costs of these proceedings.