(107 So. 471)

No. 27695.

ITEM CO., Limited, v. NU–GRAPE
BOTTLING CO., Inc.

In re HARTSON, Civil Sheriff.

(Feb. 1, 1926. Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. Prohibition ⬅➡10(2).

As respects right to prohibition to control action of court with respect to property seized on execution, *held*, that court issuing execution has jurisdiction and power to regulate its own process.

2. Parties ⬅➡40(2).

Court officer cannot be permitted to interject himself into litigation merely because of fees which may accrue to him therein.

3. Prohibition ⬅➡19—Plaintiff may intervene and join sheriff in latter's application for original writ of prohibition against enforcement of judgment requiring sheriff to relinquish property seized under execution (Code Prac. art. 389).

Where civil sheriff having no personal interest in litigation applied for original writ of prohibition against enforcement of judgment compelling him to relinquish property seized under execution, plaintiff under Code Prac. art. 389, may intervene and join sheriff in application.

4. Courts ⬅➡207(1)—Exercise of supervisory jurisdiction by Supreme Court by issuance of writs held to be within its own sound discretion (Const. 1879, art. 90).

Though generally Supreme Court will not issue a writ under its supervisory powers where complainant has a remedy in due course by appeal, in view of Const. 1879, art. 90, granting general supervisory powers to Supreme Court, the exercise of such power is within its own sound discretion.

5. Execution ⬅➡158(1) — Where receiver was appointed subsequent to seizure by sheriff of defendant's property under execution, it was error to stay execution and compel relinquishment of· property by sheriff.

· Where receiver for defendant, a judgment debtor, was appointed after sheriff seized defendant's property under execution of plaintiff, a judgment creditor, it was error to stay all proceedings under plaintiff's judgment and to compel surrender of property seized to receiver.

Action by the Item Company, Limited, against the Nu-Grape Bottling Company, Inc. Plaintiff obtained judgment and issued execution by virtue whereof Maurice J. Hartson, Civil Sheriff, seized and took into his possession certain property belonging to the defendant. Harry H. Forst, appointed as receiver for defendant, took a rule upon the Sheriff to show cause why the property seized should not be relinquished and turned over to the receiver, and the Civil Sheriff applied for a writ of prohibition. The rule was made absolute by judgment, and plaintiff took a suspensive appeal therefrom. Writs of prohibition perpetuated. Judgment arresting and staying proceedings under plaintiff's judgment and directing Sheriff to surrender property to receiver annulled and set aside, and rule taken by receiver dismissed.

W. O. Hart, of New Orleans, for relator.

H. W. Kaiser and Weiss, Yarrut & Stich, all of New Orleans, for receiver.

Blouin & Deutsch, of New Orleans, for intervener.

ST. PAUL, J. Plaintiff obtained judgment against defendant and thereupon issued execution for the amount thereof; by virtue whereof relator, in his capacity of civil sheriff, seized and took into his possession certain physical property belonging to the defendant.

Thereafter one Harry H. Forst qualified as receiver for the defendant, and took a rule upon said sheriff to show cause why the property so seized should not be relinquished and turned over to said receiver.

The rule so taken was made absolute by judgment of the court below: whereupon plaintiff took a *suspensive appeal* therefrom. Which appeal is now pending before this court and is fixed for hearing on the very day this opinion is handed down. See our No. 27708, 107 So. 770, post, p. 975.

## I.

Meanwhile the civil sheriff applied for this writ of prohibition, on the ground that said court, whose process he was then executing, "exceeded the bounds of his (its) jurisdiction, and said judgment (upon the rule) is null and void"; and on the further ground that "it is not competent for a receiver to take property from the sheriff which has been seized under a lawful judgment rendered before the receiver was appointed, and the court was powerless to make said rule absolute for that reason."

## II.

The receiver asks that the writs herein issued be recalled, on the following grounds (substantially), to wit: (1) That the sheriff has no personal interest in the matter; (2) that the remedy is by appeal and not by recourse to the supervisory powers of this court; and (3) that the judgment below was correct.

## III.

[1] 1. The contention made by the sheriff, that the court below (out of which the execution issued) is *without jurisdiction* and powerless to regulate its own process, is of course *frivolous*; the fact being that said court *alone* (and *this* court under its *supervisory* powers) had jurisdiction in the premises. Lazarus v. McGuirk, 8 So. 253, 42 La. Ann. 194.

[2, 3] 2. It is quite true that the sheriff has no *personal* interest in this litigation; and, of course, a court officer cannot be permitted to interject himself into a litigation merely because of the fees which may accrue to him therein. But in this case the party *having an interest* to wit, the plaintiff, has intervened herein and joined the sheriff in applying for the writs. And we know of no reason why an intervention (C. P. art. 389) may not be filed in a case coming before this court under its original or supervisory jurisdiction, which (except as to the subject-matter thereof) differs in no way from the original proceeding before any other court. Lazarus v. McGuirk, supra. The case of Laloire v. Wiltz, 31 La. Ann. 436, has not the slightest application to such a proceeding.

[4] 3. It is also quite true that *in general* this court will not issue a writ under its supervisory powers in cases where the party complaining has a remedy in due course *by appeal*. But soon after the grant of general *supervisory* powers to this court by the Constitution of 1879 (article 90), the court held that this constitutional grant of power was meant to "emancipate" it from many restraints theretofore imposed upon it by the Code of Practice. State ex rel. City of New Orleans v. Judge. 32 La. Ann. 549. And in the very next case decided, this court proceeded to further *emancipate* itself, by declaring, in effect, that the only restraint upon it in the exercise of the supervisory jurisdiction so granted was its own "*sound discre-*

*tion.*" State ex rel. Sinnott v. Falls, 32 La. Ann. 553.

Accordingly, the writ herein issued was granted in what was (or then seemed to be) the *sound discretion* of *all* the justices of this court; and it has thus become (in the language of Mr. Chief Justice Nicholls, in State ex rel. Rivoire v. St. Paul, Judge, 28 So. 973, 104 La. 203), "an accomplished fact, * * * (which) calls for no decree of this court in the premises. * * * " And finally, since the case is actually here on appeal, and the oral argument of that appeal will doubtless enlighten us on the *merits* of the controversy, before this opinion becomes final, and thus enable us to correct any error which we may make thereupon; since also a speedy determination of this case will save a considerable sum in *costs* to the litigants; since the point presents only a mere *technical* matter of procedure, involving *no substantial rights* of the litigants; and since (the matter having gone thus far) there is no reason why we should take two bites at the same cherry; "*we prefer to put an end to the case now,*" as we have erstwhile had occasion to do. Tonahill v. Molony, 101 So. 130, 156 La. 753. The more so as we find in this case the above "strong circumstances going to make the case peculiar and exceptional and (thus) robbing it of serious danger as a precedent." Fenner, J., in Succession of Buissiere, 5 So. 668, 41 La. Ann. 217.

### IV.

[5] For the rest, our learned brother of the district court *erred* in his judgment directing that all proceedings under plaintiff's judgment "be immediately arrested and stayed," and ordering that all the property and effects under seizure by virtue of the execution issued thereunder "be surrendered forthwith" to the receiver.

This was, of course, even more immediately effective than an *injunction* against further proceeding with said execution; and this court said in Duval v. T. P. Ranch Co., 91 So. 656, 151 La. 142 (citing authorities too numerous to be repeated here), that:

"It is well settled that a receiver cannot enjoin the execution of a judgment wherein the seizure occurred prior to his appointment in the absence of allegations of fraud or special interest in the property seized."

### Decree.

The writs herein issued are therefore perpetuated; the judgment of the lower court arresting and staying proceedings under the judgment in favor of plaintiff, and directing the sheriff to surrender the property seized to the receiver, is annulled and set aside; and it is now ordered that the rule taken by the receiver be dismissed, at his cost in both courts.

ROGERS, J., takes no part.