PONDER, Justice.
 

 A motor vehicle collision occurred on U.S. Highway No. 80 in Richland Parish, on‘December
 
 17,
 
 1939, wherein a Chevrolet car, owned and operated by Daniel E. Jones, collided with a passenger motor bus owned by the Tri-State Transit Company of Louisiana, Inc., operated by its employee. At the time of the collision, the bus was carrying some thirty-five passengers, among whom were Miss Mattie Tyson, Mrs. Howard Clifton, and Mrs. Eva Newberry. Mrs. Clifton and her husband, Howard Clifton, instituted suit on September 9, 1940, in the Fifth Judicial Court for the Parish of Rich-land against the Tri-State Transit Company of Louisiana, Inc., and the American Fidelity and Casualty Company, its insurance carrier, to recover damages for personal injuries suffered by her in the collision in the amount of $35,500. Miss Mattie Tyson brought suit on November 30, 1940, against the same defendants in the same court to recover damages for personal injuries suffered by her in the accident in the sum of $57,509.37 and for $50 per month for life. Mrs. Newberry and Charles F. Newberry, her husband, also brought suit in the same court against the defendants to recover damages for personal injuries sustained in
 
 *225
 
 the accident in the sum of $21,500. On December 14, 1940, Daniel E. Jones brought suit against the defendants to recover damages sustained by him in the accident in the sum of $877.52. The defendants, the bus company and its insurer, filed answers in all the suits. On January 15, 1941, the defendants filed a motion in the lower court to consolidate the suits aforementioned for the purpose of trial, and on that date, the clerk of court, at the request of the defendants, notified the attorneys representing the plaintiffs that the motion would be taken up for hearing on January 27, 1941. The case of Mrs. Clifton and her husband was fixed for trial for January 29, 1941, by a previous order of court. The motion to consolidate the cases came up for hearing on January 27, 1941, and it was denied by the lower court. The defendants applied to this court for the writs of certiorari, mandamus, and prohibition which were granted and the rule nisi issued. The matter is now submitted for determination.
 

 The relators contend that they are entitled to have the cases consolidated for trial on the merits with the understanding that separate judgments are to be rendered. The relators take the position that the case of Riggin et al. v. Watson-Aven Ice Cream Co., Inc., et al., 192 La. 469, 188 So. 144, is compelling and direct authority for granting the relief sought.
 

 From the record it appears that the defendants are represented by the same attorneys in all the suits. The plaintiffs are represented by the same attorneys in all the suits except the Newberry case. No objection was made to the consolidation on behalf of the Newberry suit. Counsel for the plaintiffs, except in the Newberry suit, announced in the lower court that the plaintiffs did not oppose the consolidation of the Newberry, Clifton, and Tyson suits, but consented to their consolidation. The plaintiffs in all the suits, with the exception of the Newberry suit, oppose consolidating the cases with the suit of Daniel E. Jones. Such being the case, it appears that the dispute is whether or not the suit of Daniel E. Jones should be consolidated with the other cases. The respondents contend that the Jones case presents different issues.
 

 All of the suits are for damages for alleged injuries received in the accident. They arise from the same accident. They involve the issues of negligence and causation. They would necessarily depend to a large extent on the same evidence. The consolidation does not tend to give an advantage to any of the parties or prejudice their substantial rights. All of the suits are against the same defendants. There appears to be no apparent conflict of interest among the plaintiffs. The plaintiffs with the exception of Jones were passengers on the bus and Jones was the driver of the other car. All of the plaintiffs are relying on the alleged negligence or fault of the bus company and seek to hold it responsible for- the accident. The plaintiffs opposing the consolidation are represented by the same counsel. Two of the suits, the Jones suit and the Tyson suit, are in forma pauperis. From the defendant’s motion to consolidate it appears that a number of the witnesses live in distant parts of Louisiana and Texas. The aggregate amount sued
 
 *227
 
 for in the combined suits exceeds $112,000 and the limit of liability as fixed by the policy contract is $50,000 for any one accident and $10,000 for any one person. Under the circumstances presented, it appears that a consolidation of the cases would-be proper. In all cases consolidated for trial legal differences may arise but they are determinable by the court as conclusions of law which to a large extent are derived from the same evidence. The consolidation of these cases will prevent unnecessary expense and the difficulty of securing the attendance of 'witnesses from distant points. It would avoid the multiplicity of suits and prevent delay and vexation without prejudicing the rights of any of the parties. Moreover, the aggregate amount sued for exceeds the liability of the defendant, insurance carrier, under its policy contract and such being the case the proportion in which the plaintiffs should share in the sum constituting the total possible liability of the insurer should be fixed at one and the same time, if the plaintiffs recover judgments for the amounts they have sued for.
 

 Only recently we had occasion to enter.tain a situation similar to the one presented here in the case of Riggin v. Watson-Aven Ice Cream Co., Inc., supra, where the suits were for personal injuries growing out of the same accident, and we arrived at the conclusion that a consolidation of the suits was proper. We reviewed at length the jurisprudence of this state with regard to the policy of the law to avoid a multiplicity of suits and the reason upon which it is founded. The reasons set forth therein are equally applicable' to this case ánd in our opinion are controlling of the issues herein presented.
 

 Counsel for the respondents contends that the Jones case presents different issues and for that reason it should not be consolidated with the other cases. This same argument was advanced in the Riggin case, supra, and could be advanced to the consolidation of cases in any instance. In the trial of consolidated cases necessarily different issues will arise, but as a rule they are determined to a large extent from the evidence that is common or pertinent to all the suits. Especially is this true in a case of
 
 this
 
 nature where the plaintiffs are all seeking to recover damages occasioned by the alleged negligence and fault of the bus company. These cases should be consolidated for the additional reason that it would serve the convenience of the, court and would expedite the disposition of the suits.
 

 The respondents contend that it is within the discretion of the trial court whether or not the cases should be consolidated and in the absence of any showing of an abuse of the discretion the supervisory powers of this court should not be exercised.
 

 The ruling of the trial court is contrary to the holding of the case of Riggin et al. v. Watson-Aven Ice Cream Co., Inc., supra, and the policy of the law being to avoid the multiplicity of suits in our opinion entitles the defendants to have the cases consolidated. Moreover, the defendants have no other adequate remedy for the reason that there is no appeal from the ruling of the trial court and no relief could be given in this respect after the cases were
 
 *229
 
 tried. To hold otherwise the defendants would be compelled to entail additional expense and time in the trial of the suits. The exercise of the supervisory jurisdiction 1 of this court is left to its own sound discretion. Item Co., Ltd., v. Nu-Grape Bottling Co., Inc., 160 La. 631, 107 So. 471.
 

 For the reasons assigned, the alternative writ of mandamus on rule to show cause issued herein is made peremptory. It is now ordered that the suits of Howard Clifton, et al. v. Tri-State Transit Company of Louisiana, Inc., et al., No. 10,333, Mattie Tyson v. Tri-State Transit Company of Louisiana, Inc., et al., No. 10,386, Daniel E. Jones v. Tri-State Transit Company of Louisiana, Inc., et al., No. 10,402, Mrs. Eva Newberry, et al. v. Tri-State Transit Company of Louisiana, Inc., et al., No. 10,403, of the docket of the Fifth Judicial 'District Court for the Parish of Richland, be consolidated and tried as one case, and separate judgment rendered in each case. The respondents to pay the cost of this proceeding.