**PACIFIC INDEMNITY COMPANY**

v.

**Effie Lemaire MARCEAUX et al.**

**Civ. A. No. 11553.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Nov. 22, 1966.

Davidson, Meaux, Onebane & Donohoe, Richard Meaux, Lafayette, La., for plaintiff.

Allen J. Lacobie, Lafayette, La., in pro. per.

Simon, Trice & Mouton, John Rixie Mouton, Lafayette, La., for Mr. and Mrs. Marceaux, Mr. and Mrs. Abshire, and Mr. and Mrs. Fletcher.

Edwards & Edwards, Nolan Edwards, Crowley, La., for Mr. and Mrs. Toups.

McBride & Brewster, Robert McBride, Lafayette, La., for State Farm Mutual Automobile Ins. Co.

PUTNAM, District Judge.

On October 28, 1964, an automobile owned by Lawrence Toups and his wife, Elta LeBlanc Toups, driven by her at the time, was involved in a collision with an automobile owned and driven by Allen J. Lacobie in Vermilion Parish, Louisiana. Petitioner, Pacific Indemnity, brings this petition in interpleader, as the liability insurance carrier of Mr. Lacobie under a public liability policy issued on his automobile with limits of $5000 for personal injuries to any one person, $10,000 for any one accident, and $5000 for property damage arising out of the operation of the Lacobie vehicle. The petition is under 28 U.S.C.A., F.R.Civ.P. 22, alleging diversity of citizenship and jurisdictional amount in excess of $10,000, exclusive of

interest and costs, and the Interpleader Act, 28 U.S.C.A. § 1335.

There were three passengers in the Toups vehicle, Mrs. Hilda LeBlanc Abshire, wife of Camille Abshire; Mrs. Aline LeBlanc Fletcher, wife of Sidney Fletcher; and Mrs. Effie Lemaire Marceaux, wife of Wilton Marceaux. All of the occupants of the two automobiles are citizens of Louisiana, Mr. Lacobie being a resident of Lafayette Parish, Mrs. Toups, Mrs. Abshire, Mrs. Fletcher and Mrs. Marceaux being residents of Vermilion Parish. State Farm Mutual Automobile Insurance Company insured the Toups vehicle and is an Illinois corporation.

Pacific is a California Corporation. It makes State Farm, Mr. Lacobie, Mr. and Mrs. Toups, Mr. and Mrs. Fletcher, and Mr. and Mrs. Lemaire, and Mr. and Mrs. Marceaux parties defendant herein, alleging that they are claimants to the funds it holds under its policy of insurance to Mr. Lacobie, that four suits have been filed against Lacobie and petitioner in the Fifteenth Judicial District Court of Louisiana, in and for Vermilion Parish, by these ladies and their husbands for personal injuries, medical expenses and damages to the Toups automobile, for which it may be liable under the terms of its policy to the extent of $11,138.38, although the claims total far in excess of that amount, and that State Farm has filed third-party actions in two of these suits against Mr. Lacobie and Pacific and may advance such claims in the remaining suits for indemnity and/or contribution by virtue of claims made against it by the passengers in Mrs. Toups' automobile. It prays for injunctive relief in the state proceedings. Pacific has deposited $11,138.00 in the registry of the Court.

The Court refused to sign an ex parte order for a temporary restraining order and a rule for preliminary injunction. On December 22, 1965, defendants moved to dismiss, which motion was passed on February 11, 1966, heard on oral argument on February 21, 1966, and ordered submitted on brief.

Interpleader, whether under Rule 22 or under 28 U.S.C.A. § 1335(a), is an equitable remedy, designed to permit a disinterested stakeholder to avoid a multiplicity of suits with consequent vexation, to eliminate the danger of being required to pay the same claim to two or more individuals as a result of different findings by separate courts, and to prevent a race to secure judgment by different plaintiffs. Whether the proceeding is by rule or statute, equitable principles control. State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817 (1939); Austin v. Texas-Ohio Gas Co., 218 F.2d 739 (5 Cir. 1955); Holcomb v. Aetna Life Insurance Co., 228 F.2d 75 (10 Cir. 1955), cert. den. 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853; Elliott v. Federal Home Loan Bank, 233 F.Supp. 578 (S.D.Cal.1964); Preston Corporation v. Raese, 236 F.Supp. 135 (N.D.W.Va.1964); Travelers Indemnity Co. v. Greyhound Lines, Inc., et al., 260 F.Supp. 530 (W.D.La., Lake Charles Division, Nov. 4, 1966).

In Travelers Indemnity Co. v. Greyhound Lines, Inc., et al. supra, our learned Brother, Judge Hunter of Lake Charles, exhaustively reviews the jurisprudence in this area. Under the circumstances presented there, the claimants before the court were held to be within the jurisdictional requirements of § 1335(a), and relief was afforded to the extent that defendants were enjoined from executing any judgment against plaintiff Travelers for the recovery of the amount of its policy until further orders of the Court. For equitable considerations, however, prosecution of the state suits was permitted to continue against the insured tort feasor and Greyhound Lines, Inc., whose liability was limited only by their respective resources.

In that case, arising out of a collision in Louisiana between a Greyhound bus and a truck owned by All Woods, Ltd., a Texas partnership insured by Travelers seventeen suits were filed in Texas against Greyhound and All Woods, and nineteen filed in Louisiana against these two defendants and Travelers, the latter being

brought in under the direct action statute of this State, L.S.A.–R.S. 22:655.[1]

█ In the instant case, there are no compelling reasons in equity to extend to this plaintiff even the relief afforded by the Court in Travelers Indemnity, supra. All of the equitable considerations here are with the state suit plaintiffs, defendants in this court. These four cases are pending before a single state tribunal which has concurrent jurisdiction with us over the accident and the parties. The plaintiffs chose this forum under the election afforded them by law. There is no diversity of citizenship in any suit to permit removal under § 1441, nor is there even a remote possibility that there may be a double recovery against the petitioner. A simple motion to consolidate in the State Court, authorized by L.S.A.–C.C.P. Art. 1561, will prevent the vexation usually attendant upon multiple litigation as well as the "race for judgment", sought to be alleviated by interpleader in this court. Indeed, the history of the present Article 1561 and decisions of the Supreme Court of Louisiana set out in the comments of the revisers in 1960, would require consolidation by the trial judge, under penalty of reversal.[2]

On the other hand, if the present petition is allowed, it is the claimants who will suffer vexation, delay, inconvenience and multiple litigation, and, perhaps even more important, will be deprived of their choice of forum. Preston Corporation v. Raese, supra. Furthermore, if these defendants had elected to file their suits directly against plaintiff in this court under the Louisiana statute, they would, of necessity, have been dismissed for lack of jurisdictional amount. No single claimant can possibly recover in excess of $5000 under the policy limits, Jewell v. Grain Dealers Mutual Association, 290

F.2d 11 (5 Cir. 1961). Dendinger v. Maryland Casualty Co., 302 F.2d 850 (5 Cir. 1962). It would stretch the imagination to believe that had these State Court plaintiffs elected this forum in the first instance, Pacific would not have promptly moved to be dismissed.

Even the defendant Lacobie would be aggrieved by allowing this petition. Under the terms of the insurance contract, Pacific owes him a defense of this suit. Pacific's prayer to be relieved of this obligation upon filing this action is wholly without support. This court cannot stamp with approval an attempt to avoid its contractual obligations in the absence of a policy provision authorizing such a procedure.

There is no question of our jurisdiction under the provisions of § 1335(a) and the jurisprudence summarized in Travelers Indemnity Co. v. Greyhound Lines, Inc., supra. The question here is, does equity require that it be exercised to deprive these parties of their right to pursue their remedies in the state court against Mr. Lacobie? We think not. Preston Corporation v. Raese, supra. Prudential Insurance Co. of America v. Shawyer, 208 F.Supp. 464 (W.D.Mo. 1962). We are mindful of the decision of our Circuit Court of Appeals in Maryland Casualty Co. v. Glassell-Taylor & Robinson, 156 F.2d 519 (5 Cir. 1946), holding that if jurisdiction is found, lower federal courts should not decline to act in aid thereof. The equitable considerations involved there, however, are not present here, and the contractual relationship of the parties is different. The Court does feel that this decision requires us to retain jurisdiction over the funds and the parties in the present case, although in the absence of this authority we would not do so.

---

1. This Act gives the injured party the right to sue a tort feasor's liability insurance carrier directly, rendering the "no action" clause customarily found in such policies inoperative. See Pan American Fire & Casualty Co. v. Revere, 188 F.Supp. 474 (E.D.La.1960), for a discussion of its effects on interpleader. Cf.

Tashire v. State Farm Fire and Casualty Co., 363 F.2d 7 (9 Cir. 1966).

2. See particularly Clifton v. Tri-State Transit Co. of Louisiana, 197 La. 222, 1 So.2d 84 (1941); Riggin v. Watson-Aven Ice Cream Co., 192 La. 469, 188 So. 144 (1939).

In exercising our discretion as a Court of Equity, however, we conclude that the relief sought by plaintiff should be limited to an order restraining and enjoining defendants from the execution of any judgments obtained against Pacific for the recovery of the amount of its policy or any part thereof until the further order of this Court. Defendants may proceed to judgment in their state court suits against Lacobie and plaintiff, after which, if necessary, this Court will distribute the proceeds now in the registry of the Court among those found to be entitled thereto.

An appropriate order will be entered.

### JUDGMENT

For written reasons assigned:

The motion to dismiss is denied.

It is ordered by the Court that the defendants herein, their heirs, successors and assigns or persons acting in concert with them, be and they are hereby enjoined and restrained from the execution of any judgment obtained against Pacific Indemnity Company for the recovery of the amount of its policy No. EAB 113418, issued to Allen J. Lacobie and insuring a 1958 Buick 2-Door automobile bearing identification number 4B8011272, or any part thereof, subject to the future orders of this Court after the rights of the parties thereto have been liquidated and fixed by the conclusion of the suits now pending in the Fifteenth Judicial District Court of Louisiana, in and for Vermilion Parish, Louisiana, or in any suit, claim or demand made in such suits or another proceeding since the filing of this petition on November 18, 1965.

It is further ordered by the Court that plaintiff's demand for an injunction to prevent prosecution of the state court proceedings to conclusion and judgment in said Fifteenth Judicial District Court against the plaintiff herein and/or Allen J. Lacobie, be and the same are hereby denied.

It is further ordered that this Court retain jurisdiction over this cause of action, its parties, and the funds deposited into the registry of this Court until the final adjudication of the rights of the defendants in and to the same, and that these proceedings in interpleader be stayed until the conclusion, by either settlement or final judgment, or when the necessity for distribution of said funds among the various claimants be made to appear, of the suits, claims and demands filed against plaintiff in said Fifteenth Judicial District Court of Louisiana, in and for Vermilion Parish.

Let copies of the foregoing be served upon the parties through their attorneys of record, and upon the Clerk of Court, Fifteenth Judicial District Court of Louisiana, in and for Vermilion Parish, Louisiana, for entry and filing in suits numbered 25753, 25805, 25912 and 25952 now pending in said court.